# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF NEW YORK

**Mary Moe**

Plaintiff,

Vs.

**Eric M. Horval, Justin R. Horval,
Chase Horval, Hells Headbangers
Records, Shadow Kingdom Records,
And Subsidiaries,**

Defendants

**Case No.** 1:25-cv-06951
**JUDGE:** RML

## MOTION TO REMAND
### (28 U.S.C. §§ 1447(c))

---

Plaintiff respectfully moves this Court to remand this action to the Supreme Court of the State of New York, Kings County, pursuant to 28 U.S.C. § 1447(c). Defendants have failed to establish federal subject-matter jurisdiction under 28 U.S.C. § 1332, removal under 28 U.S.C. § 1441 is improper, and remand is therefore required under 28 U.S.C. § 1447(c).

Dated: **January 7, 2026**
Brooklyn, New York

Respectfully submitted,

/s/ *Mary Moe*_____

Mary Moe
Plaintiff, pro se
*Address Confidentiality*
Kings Family Court, NY File # 327053
*Pseudonym Order*
Kings Supreme Civil, NY Index # 520441/2025

1

## PRELIMINARY STATEMENT

This action was commenced in the Supreme Court of the State of New York, Kings County, on June 20, 2025. Defendants have actively participated in that forum, including filing motions to dismiss, contesting jurisdiction, and opposing Plaintiff's requests for protective relief and anonymity.

Defendants' removal is improper because this action arises from intentional tortious and commercial conduct purposefully directed at New York, underscoring Defendants' failure to establish diversity jurisdiction and the impropriety of removal.

1. Defendants company; Shadow Kingdom Records does not exist in Pennsylvania or Ohio according to The Secretary of State in each respective State.

2. Defendants maintain continuous and repeated commercial activity, through Shadow Kingdom Records and Hells Headbangers Records, directed at the State of New York, including operating interactive commercial websites through which they market, sell, and ship goods to New York residents.

3. Defendants, through their businesses, market, advertise and sell to New York residents through partnerships and promotions associated with New York brick-and-mortar music venues and record store distributors such as Tv Eye (Brooklyn NY), Saint Vitus Bar(Brooklyn, NY), Darkside Record Store (Poughkeepsie, NY), Will Rahmer / Mortician (Yonkers, NY), Hospital Productions (NY, NY) etc.

4. Defendants' intentional and tortious actions out-of-state lead to harm within the state, directly giving rise to the complaint. New York resident William Rahmer, ceased business conversations with Plaintiff due to Defendants actions. William Rahmer went onto call Plaintiff the following day to harass and threaten her into silence.

5. It is not unreasonable to expect these issues to be brought before a New York Justice as they directly pertain to the interests of the State.

After a full briefing and review of evidentiary submissions, on November 13, 2025, the Honorable Aaron Maslow granted Plaintiff's motion to proceed under pseudonym, ordered the case sealed due to ongoing safety concerns, denied Defendants' motion to dismiss under CPLR 3211(a)(7) and (8), and directed that Defendants be re-served within fourteen days to reflect these safety concerns. These issues have already been litigated. Defendants' purposeful New York-directed conduct underscores their failure to establish diversity jurisdiction and confirms that federal jurisdiction cannot be presumed. Shadow Kingdom Records maintains

substantial ongoing business activity in New York, profits from New York consumers, and maintains a continuing commercial presence in this State, including through an interactive website selling directly to New York residents and through marketing and advertising directed at New York audiences. It is unclear whether it is headquartered in any identified state.

Pennsylvania has certified that no business exists under either "Hells Headbangers Records, Inc" or "Shadow Kingdom Records." Ohio has certified that no business exists under the name "Shadow Kingdom Records." Defendants nevertheless seek to displace New York judicial oversight when diversity has not been proven in its entirety.

Removal jurisdiction is strictly statutory. It is not a substitute for unsuccessful motion practice in state court, nor a mechanism to pause or reset litigation after unfavorable rulings. Because Defendants cannot satisfy the statutory requirements for diversity jurisdiction, this case must be remanded.

Defendants removed under circumstances that reflect procedural maneuvering rather than jurisdictional necessity. Removal occurred while the state case was actively litigated, while discovery was poised to proceed, while Defendants were still contesting jurisdiction, and while key citizenship information remains unclarified. Defendants identify no newly-arising jurisdictional basis; their Notice of Removal rests on conclusory assertions while material facts remain unresolved. Federal jurisdiction cannot rest on speculation.

Two separate New York courts, reviewing independent and parallel evidentiary records, have found that Plaintiff requires judicial protection and confidentiality and that the matter warrants ongoing judicial management within New York State. Both courts rejected prior dismissal and jurisdictional challenges and ordered the case to proceed.

Despite these rulings, Defendants removed, while still reserving jurisdictional defenses, and without providing competent clarification regarding citizenship necessary for federal jurisdiction. The timing of removal coincided with active state-court progress and after prior procedural challenges were rejected.

Defendants have not supplied competent evidence establishing Chase Horval or Shadow Kingdom Records citizenship, and federal jurisdiction cannot be presumed. Furthermore, Defendants maintain numerous ongoing repeated and continuous business relationships in the State with New York residents and which give direct rise to the harassment and threats received within the State due to the Defendants intentional actions.

Given the procedural posture and the absence of a proper jurisdictional foundation for removal, Plaintiff respectfully requests remand. Plaintiff further seeks just costs and expenses under 28 U.S.C. § 1447(c).

---

## **GROUNDS FOR REMAND**

## I.  Defendants' New York Contacts Underscore the Impropriety and Unreasonableness of Removal

While personal jurisdiction is not an independent statutory basis for remand, Defendants' purposeful New York-directed conduct underscores their failure to establish diversity jurisdiction and the objective unreasonableness of removal. Defendants have intentionally engaged in substantial, continuous and repeated commercial activity intentionally directed at and reaching out to New York citizens and businesses for over a decade.

This includes:

1) Operating interactive commercial websites with extensive catalogs manufacturing and listing thousands of official and unofficial music related products by New York residents, including Yonkers resident William Rahmer's band Mortician, and other New York based bands, through which they market, sell, and ship to New York residents.

2) Defendants engage in a systematic and continuous stream of commerce within the state selling physical merchandise to New York record stores with physical, New York, locations such as Darkside Records at 32 Cannon Street Poughkeepsie, NY 12601 and Ironhead Records located at 169 Pike St. Port Jervis, NY 12771 and many other stores.

3) Defendants intentionally market and advertise Shadow Kingdom Records and Hells Headbangers Records and band assets to New York consumers, coordinating advertisement collaborations with New York brick-and-mortar music venues such as TV Eye located at 1647 Weirfield St, Ridgewood, NY 11385 and Saint Vitus Bar located at 1120 Manhattan Ave, Brooklyn, NY 11222.

4) Defendants have purposefully availed themselves by transacting long-term, systematic and continuous business and direct advertising within the state, specifically through their agent, William Rahmer but for this action would not have arisen in New York and for not the Defendants illegal actions, Plaintiff would not have suffered harassment, threats of harm and loss of prospective business received by William Rahmer.

5) It is not unreasonable to expect these issues to be brought before a New York Justice as they directly pertain to the interests of the State.

The Defendants have intentionally made themselves available to the benefits of New York State. When a Defendant receives benefits and protections from the State; obligations also arise.

## II.  Defendants Have Not Established Complete Diversity Jurisdiction (28 U.S.C. §§ 1332 and 1441)

Defendants removed this action on the basis of alleged diversity jurisdiction pursuant to 28 U.S.C. § 1332, but they have not met their burden to demonstrate complete diversity of citizenship and the jurisdictional prerequisites required for federal jurisdiction. Diversity jurisdiction must exist at the time of the filing of the state action and at the time of removal, and it must be affirmatively proven, not presumed. Defendants have not provided competent evidence establishing the citizenship of Shadow Kingdom Records or Chase Horval.

Plaintiff filed this complaint using information to the best of their knowledge, there appears to be many hidden falsities within the Defendants business dealings they were unaware of.

6. Certified records from the Secretaries of State of Pennsylvania and Ohio reflect that "Shadow Kingdom Records" is not registered as a business entity in either jurisdiction. Where the citizenship of a named defendant is not established, diversity jurisdiction cannot be sustained.

7. Furthermore, a critical defendant, Chase Horval, has never been located or served despite persistent efforts and evidence of evasion. Defendants will not tell this Court where he lives, where he operates, or  whether he is physically present in New York while overseeing business operations here. Defendants cannot confirm that he is not domiciled in New York. Until Defendants provide competent evidence establishing complete diversity, federal jurisdiction cannot be presumed and remand is warranted.

Chase Horval is not a minor player. He is a principal actor and the registered agent of the business defendants operate. His citizenship is foundational to jurisdiction. Defendants ask this Court to assume diversity exists while they conceal a defendant they will not allow to be served. Federal courts do not operate on speculation.

Defendants' failure to establish citizenship is compounded by their own refusal to facilitate clarity. Plaintiff undertook diligent efforts to locate and serve Defendant Chase Horval, who is publicly listed as the Registered Agent of Hells Headbangers Records, Inc. When the process server appeared at the registered address, Defendant Eric Horval stated Chase was "not there" and refused to provide any contact information, telling the server he would have to figure that out himself.

Additionally Civil Sheriff's Department's in 2 counties have attempted service at Chase Horval's registered residence, with no response. Defendants cannot actively obstruct service while simultaneously demanding federal jurisdiction. Under Second Circuit law, uncertainty created by defendants themselves must be resolved against removal.

If Chase Horval or his businesses are domiciled in New York, removal is

independently barred under the forum defendant rule, 28 U.S.C. § 1441(b)(2). Defendants created this uncertainty. Removal statutes are strictly construed, and defendants bear the consequences of failing to prove jurisdiction.

Because removal is only proper where a federal court would have original jurisdiction, 28 U.S.C. § 1441(a) does not authorize removal where <u>subject-matter jurisdiction is uncertain or unsupported</u>. Defendants' Notice of Removal relies on conclusory assertions rather than establishing jurisdictional facts, and Defendants themselves continue to reserve jurisdictional objections, demonstrating uncertainty rather than compliance with § 1332. Under § 1447(c), this failure to establish jurisdiction requires remand.

Defendants removed this matter pursuant to 28 U.S.C. § 1441, alleging diversity jurisdiction under 28 U.S.C. § 1332 and purporting to comply with 28 U.S.C. § 1446. Defendants bear the burden of demonstrating jurisdiction and removal propriety, and any doubts must be resolved in favor of remand. Because Defendants have not met their burden, remand is required under 28 U.S.C. § 1447(c). Plaintiff further seeks costs because the removal is objectively unreasonable and intended to further disrupt judicial proceedings.

## III.  <u>Removal Was Filed as a Tactical Maneuver Rather Than a Jurisdictional Necessity (28 U.S.C. §§ 1441 and 1447(c))</u>

Removal jurisdiction under § 1441 exists to provide a federal forum where federal jurisdiction legitimately exists; it is not intended as a tactical tool to obstruct state proceedings. Defendants did not remove when this case began June 2025. They did not remove when jurisdiction was first challenged. They did not remove while state-court proceedings unfolded.

Here, removal occurred only after Defendants:
- Dismissal motions in state court November 13th, 2025
- Faced ongoing state-court judicial oversight, and
- Failed to substantively contest Plaintiff's allegations.

The circumstances surrounding removal demonstrate that it was pursued for tactical reasons rather than jurisdictional necessity

## IV.  <u>Defendants Maintain Ongoing Business in New York While Refusing to Submit to New York Courts</u>

Defendants maintain significant, ongoing business activity in New York which has given direct rise to loss of business and harassment received within the state of New York by these same New York residents / businesses towards the Plaintiff, giving rise to the complaint.

The Defendants market to New York residents online and at brick-and-mortar events locally. They engage with, sell to and buy from New York businesses and New York public consumers on a regular basis. At this time, it is clear the Defendants have an ongoing economic nexus with New York state, one of which has given direct rise to the State causes of action.  The Defendants have intentionally made themselves available to the benefits of New York State through these systematic, continuous and ongoing transactions. When a Defendant receives benefits and protections from the State; <u>obligations also arise.</u>

## V.   <u>Federal Retention Would Improperly Disrupt Ongoing State-Court Proceedings and Judicial Protections (28 U.S.C. § 1447(c))</u>

Because § 1447(c) expressly authorizes remand in the interests of justice and proper jurisdictional administration, remand is particularly appropriate where state courts are already exercising active judicial control. Two different New York judges in two different courts have issued rulings denying dismissal, recognizing jurisdictional sufficiency, and implementing extensive safety protections. Additionally, protective rulings safeguarding Plaintiff, including sealing orders and protection orders were issued in light of ongoing harassment.

Federal retention risks fragmenting judicial oversight and undermining ongoing state protection mechanisms, further supporting remand under § 1447(c).

## VI.   <u>Costs Should Be Awarded Under 28 U.S.C. § 1447(c)</u>

This removal lacks an objectively reasonable basis for federal jurisdiction under 28 U.S.C. § 1447(c). It is undetermined if Chase Horval and Shadow Kingdom Records are citizens of New York or Pennsylvania. It was filed to avoid litigation and delay consequences.

---

## <u>CONCLUSION</u>

This case does not belong in federal court. The record now before the Court establishes Defendants' extensive New York–directed conduct, which underscores their failure to establish diversity jurisdiction. Defendants have for years operated interactive commercial websites selling and shipping goods to New York

residents, marketed and advertised their labels and bands to New York consumers, coordinated promotions with New York brick-and-mortar music venues and record stores, and maintained ongoing business relationships with New York residents that directly gave rise to the conduct and injuries alleged here. Plaintiff's claims arise from this New York-directed activity and the resulting injury suffered within the State.

Independently and additionally, Defendants have failed to carry their burden of establishing complete diversity of citizenship. Certified records from the Secretaries of State of Pennsylvania and Ohio confirm that Shadow Kingdom Records does not exist as a registered business entity in either jurisdiction. Defendants have also failed to establish the domicile of Chase Horval, a central defendant and registered agent, whom Defendants have actively concealed and prevented from being served while simultaneously asking this Court to assume diversity exists. Federal jurisdiction cannot rest on speculation or jurisdictional uncertainty created by Defendants themselves.

Finally, the timing and circumstances of removal confirm that it was not driven by jurisdictional necessity but by litigation tactics. Removal occurred only after Defendants' dismissal motions were denied, after sealing and safety protections were imposed by the state court, and while Defendants continued to reserve jurisdictional objections and withhold jurisdictional facts. Federal jurisdiction statutes do not permit removal as a means to disrupt active state-court oversight or evade adverse rulings.

For all of these reasons, Defendants have not established a lawful basis for federal jurisdiction, and remand is required pursuant to 28 U.S.C. § 1447(c).

---

### **RELIEF REQUESTED**

For the foregoing reasons, and based on the full record before the Court, Plaintiff respectfully requests that this Court:

I.   **Remand** this action to the Supreme Court of the State of New York, Kings County;

II.  **Reinstate, honor, and maintain** all existing state-court orders and protections, including sealing orders, pseudonym status, confidentiality provisions, and safety-related protections previously imposed by the New York courts;

III. **Award Plaintiff just costs and expenses** incurred as a result of Defendants' improper removal pursuant to **28 U.S.C. § 1447(c)**, including filing fees, service costs, and other reasonable out-of-pocket expenses, to the extent the Court finds removal lacked an objectively reasonable basis; and

IV.  **Grant such other and further relief** as the Court deems just and proper.

Dated: **January 7, 2026**

Brooklyn, New York

Respectfully submitted,

/s/ *Mary Moe*

Mary Moe
Plaintiff, pro se
*Address Confidentiality*
Kings Family Court, NY File # 327053
*Pseudonym Order*
Kings Supreme Civil, NY Index # 520441/2025

**CERTIFICATE OF SERVICE**

I hereby certify that on **January 7, 2026**, the foregoing **Motion to Remand**, and all exhibits thereto, were filed via this Court's electronic filing system and that copies of same were served upon all parties via the Eastern District of New York Courts Electronic Filing system.

/s/ *Mary Moe*

Mary Moe
Plaintiff, pro se
*Address Confidentiality*
Kings Family Court, NY File # 327053
*Pseudonym Order*
Kings Supreme Civil, NY Index # 520441/2025

**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| **Mary Moe** | **CASE No. 1:25-cv-06951** |
| | **JUDGE: RML** |
| Plaintiff, | |
| | |
| Vs. | **MEMORANDUM OF LAW** |
| | **IN SUPPORT OF MOTION TO** |
| | **REMAND (28 U.S.C. §§ 1447(c))** |
| | |
| **Hells Headbangers Records, Inc,** | |
| **Shadow Kingdom Records, Eric M.** | |
| **Horval, Justin R. Horval, Chase Horval** | |
| **And Subsidiaries,** | |
| | |
| Defendants | |

---

**PRELIMINARY STATEMENT**

This memorandum of law is submitted in support of Plaintiff's Motion to Remand pursuant to 28 U.S.C. § 1447(c). Defendants removed this action invoking diversity jurisdiction, but removal is improper and remand is required because (1) Defendants' purposeful New York–directed conduct underscores their failure to establish diversity jurisdiction (2) Defendants have failed to establish complete diversity of citizenship as required by 28 U.S.C. § 1332.

Federal courts construe the removal statute narrowly, resolving any doubts against removability. Removal statutes are strictly construed. The removing party bears the burden of establishing federal jurisdiction, and all doubts must be resolved in favor of remand. *Shamrock Oil & Gas Corp. v. Sheets, 313 U.S. 100, 108–09 (1941); Lupo v. Human Affairs Int'l, Inc., 28 F.3d 269, 274 (2d Cir. 1994).*

Here, Defendants' removal fails at the threshold. Defendants engage in continuous and repeated commercial activity directed at New York with multiple New York based businesses, and one that which gives direct rise to the claim itself within the same nexus of commerce. The Defendants operate interactive commercial websites that sell and ship goods to New York residents. Attached hereto as Exhibit 15 is an order confirmation and shipment documentation reflecting Defendants' commercial sales into New York.

The Defendants expressly market and promote their businesses through New York-based brick-and-mortar distributors and music venues. Attached hereto as Exhibits 13-13A, 14 and 20-20B, are records reflecting Defendants' and maintain ongoing commercial relationships with New York businesses, including

1

and not limited to William Rahmer, of the band "Mortician", attached hereto as Exhibits 16-16C, 11A-11C and 12C. Plaintiff's claims arise directly from Defendants' aimed and targeted harassment, to which they knowingly reached out and sought to impact Plaintiff's safety, which indeed lead to further harassment, threats and loss of prospective business, where Plaintiff lives and works and which where the Defendants meet the minimum contacts analysis. Attached hereto as Exhibit 17 is harassment received by William Rahmer due to the Defendants public harassment.  These records reflect William Rahmer's New York residency, relationship with the Defendants and communications relevant to the commercial and factual nexus described herein, including a certified export of a Facebook Messenger communication with the Plaintiff.

There are also no business records that Shadow Kingdom Records is operating in Ohio or Pennsylvania. Attached hereto as Exhibit 12 is a Pennsylvania certification of non-existence for Shadow Kingdom Records, and attached hereto as Exhibit 11 is a Pennsylvania certification of non-existence for Hells Headbangers Records, Inc. Additionally, attached hereto as Exhibit 12B is an Ohio certification reflecting the cancellation of Shadow Kingdom Records, since 2018. Yet they show ongoing and current operational activity in the State of New York to which the Defendants themselves have admitted ownership of both of these businesses.

The Defendants could "reasonably anticipate being haled into court" in New York based on the minimum contacts analysis, which focuses on the Defendants "reaching out" to contract business with businesses within the forum state, and by which that economic nexus, give rise to the causes of action. This threshold is easily satisfied. Under New York's long-arm statute, CPLR § 302(a)(1), and controlling Supreme Court precedent, these contacts support specific in personam jurisdiction. *See Calder v. Jones, 465 U.S. 783, (1984); Walden v. Fiore, 571 U.S. 277, (2014).*

Independently, Defendants have failed to meet their burden of establishing complete diversity jurisdiction. The party seeking removal bears the burden of demonstrating the propriety of removal. *Grimo v. Blue Cross/Blue Shield of Vt., 34 F.3d 148, (2d Cir. 1994).* Because the removal statute is strictly construed, federal courts resolve any doubts against removability. *Lupo v. Human Affairs Int'l, Inc., 28 F.3d 269, (2d Cir. 1994).* On the present record, Defendants have not carried their burden to affirmatively establish complete diversity, and any unresolved doubts must therefore be resolved in favor of remand.

For these reasons, Defendants have not established a lawful basis for federal jurisdiction, and this Court must remand the action to the Supreme Court of the State of New York pursuant to 28 U.S.C. § 1447(c).

---

**LEGAL STANDARD**

Although remand turns on subject-matter jurisdiction and procedural compliance with the removal statutes, courts may consider related jurisdictional context when evaluating abstention, comity, and fee-shifting under § 1447(c).

Personal jurisdiction is established over a Defendant who is subject to the jurisdiction of a court of general jurisdiction in the state where the district court is located. Fed. R. Civ. P. 4(k)(1)(A). Due process permits the exercise of personal jurisdiction over a non-resident defendant who has "certain minimum contacts" with the forum such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice. *International Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945). In cases involving intentional torts, jurisdiction is proper where defendants expressly aim their conduct at the forum state and cause injury there. *Calder v. Jones, 465 U.S. 783, 789–90 (1984)*. Due process requires that the defendant's relationship must arise out of contacts that the 'defendant himself' creates with the forum State, *Walden v. Fiore, 571 U.S. 277, 284–85 (2014)* Purposeful availment may also be established through deliberate exploitation of the forum market, including interactive commercial websites through which goods are sold to forum residents. The likelihood that personal jurisdiction can be constitutionally exercised is directly proportionate to the nature and quality of commercial activity that an entity conducts over the Internet. *Zippo Mfg. Co. v. Zippo Dot Com, Inc.*, 952 F. Supp. 1119, 1124 (W.D. Pa. 1997). *See also Asahi Metal Indus. Co. v. Superior Court, 480 U.S. 102, 112 (1987) (O'Connor, J., plurality); id. at 122 (Stevens, J., concurring)*. Where such contacts give rise to the claims asserted, and the exercise of jurisdiction is reasonable, New York courts may properly retain the action. As relevant here, documentary evidence supporting Defendants' purposeful New York-directed commercial conduct includes New York directed venue/event promotional materials, attached hereto to as Exhibits 13-14, New York-directed sales documentation, attached hereto as Exhibit 15, and New York retail and online distribution marketplace nexus documentation, buying, selling, distributing and promoting alongside, to and from New York residents and businesses, attached hereto as Exhibits 20-20B, 21-21A, 22-22B, 16-16C, 11A-11C, 12B.

The Defendant seeking removal bears the burden of demonstrating that the removal is proper. *Grimo v. Blue Cross/Blue Shield of Vermont, 34 F.3d 148, 151 (2d Cir. 1994)*. Because removal jurisdiction is strictly construed, any doubts are resolved against removability. *Lupo v. Human Affairs Int'l, Inc., 28 F.3d 269, 274 (2d Cir. 1994)*. If at any time before final judgment it appears that the district court lacks subject-matter jurisdiction, the case shall be remanded. 28 U.S.C. § 1447(c)

Removing Defendants have the burden of establishing complete diversity. *Lincoln Prop. Co. v. Roche, 546 U.S. 81, 89 (2005)*. The right of removal is entirely a creature of statute and a suit commenced in a state court must remain there until cause is shown for its transfer under some act of Congress. *Great Northern R. Co. v. Alexander, 246 U. S. 276, 280 (1918)*

Where virtually parallel state-court proceedings are pending, the general rule is that 'federal courts have a virtually unflagging obligation to exercise the jurisdiction given them.' But in rare circumstances, federal courts may dismiss or stay a case based on considerations of 'wise judicial administration,' 'giving regard to conservation of judicial resources,' and 'comprehensive disposition of litigation. *Colorado River Water Conservation Dist. v. United States, 424 U.S. 800, 817–18 (1976).* These considerations underscore the impropriety of removal here, where related New York state-court protection proceedings addressing overlapping virtually identical factual circumstances and safety concerns are actively pending, and where Defendants have failed to establish complete diversity. Attached hereto as Exhibits 1-1C are the New York Family Court orders referenced herein, including the Temporary Order of Protection and Address Confidentiality Order, and subsequent orders reflecting additional protections. Attached hereto as Exhibits 1D-1H show ongoing harassment leading to the request from Kings Family Court. Additionally, Justice Maslow concurred with the Kings Family Court November 13, 2025 and issued their independent orders of protection, including permission to proceed under pseudonym. Justice Maslow's Order is attached hereto as Exhibit 4.

Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal. *Martin v. Franklin Capital Corp., 546 U.S. 132, 140–41 (2005).* In this case the Defendants removal was frivolous and unreasonable considering their commercial forum contacts and tortious conduct which give direct rise to harassment, threats and loss of prospective business in the forum.

---

## ARGUMENT

### I.    DEFENDANTS' NEW YORK–DIRECTED CONDUCT CONFIRMS THE PROPRIETY OF THE NEW YORK FORUM AND SUPPORTS REMAND UNDER CLPR 302(a).

While personal jurisdiction is not itself a statutory basis for remand under 28 U.S.C. § 1447(c), Defendants' extensive New York–directed conduct establishes that New York is a proper and appropriate forum, and informs the Court's analysis of comity, abstention, and the objective reasonableness of Defendants' removal.

**A. Defendants Purposefully Availed Themselves of the Privilege of Conducting Activities in New York.**

The exercise of specific in personam jurisdiction comports with due process where a defendant has established minimum contacts with the forum state such that the maintenance of the action does not offend traditional notions of fair play and substantial justice. *International Shoe Co. v. Washington, 326 U.S. 310, 316 (1945).* As the Supreme Court explained:

> "*To the extent that a corporation exercises the privilege of conducting activities within a state, it enjoys the benefits and protection of the laws of that state.*" *Id.* at 319.

Purposeful availment is established where a defendant **"**deliberately has engaged in significant activities within a State, or has created 'continuing obligations' between himself and residents of the forum," because in such circumstances the defendant "manifestly has availed himself of the privilege of conducting business there." *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 475–76 (1985).

Here, Defendants have purposefully and repeatedly directed their commercial activities toward New York for many years. Defendants have maintained an interactive website marketing and selling to New York residents, as shown and attached hereto in Exhibit 15. Defendants maintain ongoing business relationships with New York-based business entities, including record distributors, retailers, venues, and artists. Those contacts include repeated business dealings with New York resident William Rahmer, the marketing and sale of merchandise associated with his band, attached here to as Exhibits 11A-11C and 12B and the promotion of Defendants' labels and artists through New York-based record stores and music venues, including Darkside Records (Poughkeepsie, NY), attached hereto as Exhibits 20-20B. Hospital Records (New York, NY), attached hereto as Exhibits 22-22B. TV Eye (Brooklyn, NY), attached hereto as Exhibit 13-13A. And El Diablo/El Bunker del Diablo (Long Island), attached hereto as Exhibit 14. These are not isolated or fortuitous contacts; they reflect deliberate and sustained ongoing engagement with the New York market.

In cases involving intentional torts, jurisdiction is proper where the defendant's intentional conduct is **"**expressly aimed at" the forum State and the defendant know(s) that "the brunt of the injury" will be felt there. *Calder v. Jones*, 465 U.S. 783, 789–90 (1984). As the Supreme Court explained, the defendants' actions were "expressly aimed at California" and they "knew that the brunt of that injury would be felt by respondent in the State in which she lives and works." *Id. at 789–90*.

The Supreme Court clarified that in personam jurisdiction may not be based solely on a plaintiff's residence or contacts with the forum. Rather, "the relationship must arise out of contacts that the 'defendant himself' creates with the forum State," and "the defendant's suit-related conduct must create a substantial connection with the forum State." *Walden v. Fiore, 571 U.S. 277, 284–85 (2014).*

For the State to exercise jurisdiction consistent with due process, the defendant's suit-related conduct must create a substantial connection with the forum state. *Walden v. Fiore, 571 U.S. 277, 284 (2014).* A forum State's exercise of jurisdiction over an out-of-state intentional tortfeasor must be based on intentional conduct by the Defendants that create the necessary contacts with the Forum. *Id. 286.*

Here, Defendants' long-standing commercial exploitation of the New York market—including repeated online sales, distribution, promotion, and venue-based activity—constitutes contacts with the forum State itself, satisfying the requirement articulated in Walden. Plaintiff's claims arise from the Defendants suit-related conduct that creates a substantial connection with the forum state through William Rahmer and his ongoing and substantial commercial business with the Defendants.

## B. Defendants Placed Their Products into the Stream of Commerce with the Expectation They Would Be Sold in New York

Specific jurisdiction is further supported under the stream-of-commerce doctrine, where a defendant places goods into the stream of commerce with the expectation that they will be purchased in the forum state. *Asahi Metal Indus. Co. v. Superior Court, 480 U.S. 102, 112 (1987) (O'Connor, J., plurality).*

> *"The forum State does not exceed its powers under the Due Process Clause if it asserts personal jurisdiction over a corporation that delivers its products into the stream of commerce with the expectation that they will be purchased by consumers in the forum State." World–Wide Volkswagen Co. v. Woodson, 444 U.S. 286, 297–98 (1980), cited with approval in Asahi Metal Indus. Co. v. Superior Court, 480 U.S. 102, 109–10 (1987) (plurality)"*

Justice O'Connor's formulation requires additional conduct indicating an intent or purpose to serve the forum market, such as advertising, marketing, or establishing distribution channels within the forum. The Defendants have met this requirement through their various commercial partnerships with multiple New York based businesses and specifically with William Rahmer of Mortician and Redrum Records.

Justice Stevens opinion, he explained that, in evaluating whether the exercise of jurisdiction is appropriate, courts may consider "the volume, the value, and the hazardous character of the components" entering the forum State. *Asahi Metal Indus. Co. v. Superior Court, 480 U.S. 102, 122 (1987) (Stevens, J., concurring in the judgment).*

6

Under this formulation, jurisdiction may be proper where a defendant's commercial conduct reflects a regular and anticipated flow of products into the forum State. Here, Defendants have engaged in a continuous and anticipated flow of merchandise into New York for many years through multiple channels: direct-to-consumer sales via interactive websites, wholesale distribution to New York record stores, and promotional sales tied to New York venues and events. Attached hereto as Exhibit 15 is documentation reflecting direct-to-consumer sales shipped into New York. Attached hereto as Exhibits 20-20B, 21-21A, 22-22B and 16A, 11B-11C, 12B are records reflecting New York retail channel availability consistent with an anticipated flow of goods into and originating from New York. Attached hereto as Exhibits 13 and 14 are New York-based promotional materials reflecting venue/event marketing tied to New York. The volume and value of these transactions, coupled with Defendants' targeted marketing and distribution relationships in New York, demonstrate an expectation—and intent—that their products would be sold in this forum. These contacts satisfy the minimum contacts requirements articulated under either the O'Connor or Stevens formulations.

## C. Defendants' New York Contacts Give Rise to the Claims Asserted

For Specific Jurisdiction, a Plaintiff's claims must arise out of or relate to the Defendants' contacts with the forum. *Ford Motor Co. v. Montana Eighth Judicial Dist. Court, 592 U.S. 351, 358–60 (2021).* The Supreme Court further explained that when "a corporation like Ford" serves a market for a product in a State and that product causes injury in the State to one of its residents, "the State's courts may entertain the resulting suit." *Id. at 362.* The record supporting the nexus between Defendants' New York-directed commercial contacts and the injuries alleged includes New York-directed sales documentation (Exhibit 15), New York venue/event promotional materials (Exhibits 13–14), and New York-based distribution/retail documentation (Exhibits 20-20B), as well as materials reflecting the William Rahmer-related commercial and communications nexus (Exhibits 16A, 11B-11C, 12C).

Consistent with *Ford*, the Second Circuit has held that, for purposes of New York's long-arm statute;

> "*...a plaintiff's cause of action 'arises from' a defendant's New York business activity when there is 'some articulable nexus between the business transacted and the cause of action sued upon,' or when there is 'a substantial relationship between the transaction and the claim asserted.'"* Chloe v. Queen Bee of Beverly Hills, LLC*, 616 F.3d 158, 166–167 (2d Cir. 2010)

7

The Court further explained that;

> *"The single act of shipping an item into New York, combined with evidence of an ongoing business relationship with New York customers, is sufficient to support jurisdiction under § 302(a)(1)." Chloe v. Queen Bee of Beverly Hills, LLC, 616 F.3d 158, 167 (2d Cir. 2010).*

In the context of online commerce, the Second Circuit has likewise held that a defendant;

> *"...purposefully availed himself of the privilege of conducting business in New York by selling infringing products to New York customers through his interactive website,"*

and that the plaintiff's claims;

> *"...arise from [the defendant's] New York contacts because they are based on the sale of infringing products to New York consumers." American Girl, LLC v. Zembrka, 2014 WL 1320216, at *2–3 (2d Cir. Mar. 31, 2014).*

*Walden* further requires that the connection between the forum and the litigation arise from the defendant's "suit-related conduct" that creates a substantial connection with the forum State. *Walden v. Fiore*, 571 U.S. 277, 284–86 (2014). That requirement is satisfied where the defendant's own forum-directed conduct forms part of the factual chain giving rise to the claims. Attached hereto as Exhibit 17 is a certified export of a Rahmer communication relevant to the chronology and nexus described herein.

**D. The Exercise of Jurisdiction Is Reasonable and Fair**

Once minimum contacts are established, jurisdiction is presumed reasonable unless defendants present a compelling case that it would be unfair. *Burger King*, 471 U.S. at 477. Courts consider: (1) the burden on the defendant;(2) the forum state's interest; (3) the plaintiff's interest in convenient and effective relief; (4) the interstate judicial system's interest in efficiency; and (5) the shared interest of the states in furthering substantive social policies.

These factors weigh in favor of jurisdiction here. Plaintiff's interest in convenient and effective relief and New York's interest in adjudicating the dispute are further reflected in the existing New York court protections already issued and maintained in related proceedings and said proceedings. Attached hereto as Exhibits 1-1C and 4 are the Family Court orders and Independent Orders issued in Kings Civil Court referenced herein. Defendants already conduct substantial business in New York; New York has a strong interest in adjudicating disputes arising from conduct intentionally directed at its residents;

Plaintiff's interest in relief is centered in New York; and retaining the action in New York avoids fragmentation of proceedings already underway in New York courts.

## II. DEFENDANTS FAILED TO ESTABLISH SUBJECT MATTER JURISDICTION, REQUIRING REMAND UNDER 28 U.S.C. § 1447(c)

Defendants assert jurisdiction under 28 U.S.C. § 1332, but they have not carried their burden to establish complete diversity of citizenship. It is not enough to recite, in conclusory terms, that Plaintiff is a citizen of New York and Defendants are citizens of other states. The party asserting Diversity Jurisdiction bears the burden of proof. *Lincoln Prop. Co. v. Roche, 546 U.S. 81, 89 (2005)*. The removing Diversity Jurisdiction "is determined at the time the action is commenced." *See Lincoln Prop. Co. v. Roche, 546 U.S. 81, 89–90 (2005).*

Here, Defendants' removal papers do not set forth, with the required specificity, the citizenship of each corporate entity and each individual defendant. They do not offer any corporate documentation establishing Pennsylvania incorporation or principal place of business. They likewise offer no clear, competent statement regarding the domicile of all individual defendants, particularly Chase Horval, as of the time Plaintiff filed suit. Instead, Defendants reserve personal-jurisdiction objections and acknowledge that service on at least one defendant remains incomplete—highlighting uncertainty, not clarity, about the jurisdictional facts they were required to establish.

Defendants offer no competent evidence of Pennsylvania incorporation or any principal place of business in Pennsylvania for Shadow Kingdom Records. Instead, extensive publicly-available marketplace activity tether Shadow Kingdom Records and Hells Headbangers Records to New York, while no documentary evidence supports their assertion of Pennsylvania citizenship. That absence of proof is dispositive because the burden rests entirely on the removing parties, and any doubts must be resolved against removability. *Lupo v. Human Affairs Int'l, Inc., 28 F.3d 269, 274 (2d Cir. 1994).*

Under Second Circuit precedent, here the removing party bears the burden of proving that the case is properly in federal court. Where jurisdictional facts are challenged, the party asserting jurisdiction must support those facts with competent proof. Any doubts as to the propriety of removal should be resolved in favor of remand. *Lupo v. Human Affairs Int'l, Inc., 28 F.3d 269, 274 (2d Cir. 1994); Marcus v. AT&T Corp., 138 F.3d 46, 52 (2d Cir. 1998).* Because Defendants have not met their burden to prove complete diversity, this Court lacks subject-matter jurisdiction and remand is mandatory under 28 U.S.C. § 1447(c).

Defendants' removal posture is also burdened by their own refusal to facilitate basic jurisdictional clarity. Defendant Eric Horval was personally encountered December 17th, 2025 at the

address where Defendant Chase Horval is registered as the registered agent of Hells Headbangers. He could not be located. When the process server, Calvin Hildreth, of AMC Process Service requested contact information for Chase Horval in order to complete service and confirm domicile, Eric Horval refused to provide it and stated that the server would have to figure that out himself. Affidavit and corresponding body camera video of Calvin Hildreth's encounter with Eric M. Horval is attached hereto as Exhibits 9-10.

Additionally, the Cuyahoga County Sheriff's Department attempted service 3x to Chase Horval's registered residential address. He could not be located. Attached hereto as Exhibits 6-7 is CuyahogaCounty.gov listing for Chase Horval's registered residence and Cuyahoga Sheriff's corresponding Affidavit of failed service.

Defendants cannot both withhold information necessary to establish citizenship and then claim that jurisdiction exists. Any uncertainty created by Defendants' refusal to cooperate must be resolved in favor of remand. *See Lupo v. Human Affairs Int'l, Inc.*, *28 F.3d 269, 274 (2d Cir. 1994).*

## III. DEFENDANTS' REMOVAL PAPERS CONFIRM UNRESOLVED JURISDICTIONAL DEFECTS

Removal is proper only where defendants invoke federal jurisdiction in clear, good-faith reliance on statutory authority. Here, Defendants' own Notice of Removal expressly states that they do not concede personal jurisdiction in this Court and reserve the right to challenge jurisdiction later. At the same time, Defendants acknowledge incomplete service and leave unresolved basic questions regarding the domicile and corporate citizenship of parties whose identities they placed before this Court.

This posture does not demonstrate established federal jurisdiction; it underscores continuing uncertainty. This posture underscores that Defendants themselves have not established that this Court possesses subject-matter jurisdiction over this action. The burden they bear under § 1332 has not been met. At a minimum, Defendants' failure to supply competent jurisdictional facts—while simultaneously declining to supply the jurisdictional facts necessary to support removal—underscores that they have not satisfied their burden under § 1332. Under the removal statute and Second Circuit precedent, unresolved jurisdictional ambiguities require remand. *See Marcus v. AT&T Corp., 138 F.3d 46, 52 (2d Cir. 1998); Grimo v. Blue Cross/Blue Shield of Vt., 34 F.3d 148, 151 (2d Cir. 1994).*

Compounding the jurisdictional uncertainty, Defendants have resisted even the most basic efforts to complete service and clarify party citizenship. Although Chase Horval is listed as the registered agent for Hells Headbangers at a registered address, when the process server appeared to effect service, Defendant Eric Horval stated that Chase Horval was not there and expressly refused to provide any contact information, advising that the process server would "have to figure that out himself." (Exhibit 9-

10

10). This is not the conduct of parties who seek adjudication in federal court; it is conduct that perpetuates uncertainty and undermines the jurisdictional foundation on which removal must rest.

## IV. EVEN IF JURISDICTION EXISTED, A PARALLEL KINGS COUNTY FAMILY COURT PROCEEDING PROVIDES AN ADDITIONAL BASIS TO DECLINE JURISDICTION UNDER COLORADO RIVER AND MOSES H. CONE

Separate and apart from statutory defects in removal, federal courts may decline jurisdiction in "exceptional circumstances" arising from parallel or related state proceedings concerning the same underlying course of conduct. State proceedings exist and federal litigation would produce duplicative, piecemeal, or disruptive litigation. *Colorado River Water Conservation Dist. v. United States, 424 U.S. 800 (1976); Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp., 460 U.S. 1, 16–19 (1983).*

Here, Plaintiff currently has an active Kings County Family Court proceeding arising from the same underlying course of conduct—harassment, intimidation, and ongoing safety risks. That Court, Justice Sandra Munoz, has already issued a Temporary Order of Protection and an Address Confidentiality Order.. Justice Turquoise Haskin continues to exercise jurisdiction over Plaintiff's safety and rights in the ongoing case renewing the orders until trial.

Concurrently, on November 13, 2025 Justice Aaron Maslow of the Supreme Court of the State of New York sealed Plaintiff's identity, granted pseudonym protection, and denied Defendants' dismissal motions, allowing this action to proceed in a confidential, safe framework.

Federal retention risks exactly what Moses H. Cone warns against: fragmented litigation, inconsistent rulings, disruption of coordinated judicial protections, and unnecessary intrusion into an active state-court system already managing highly sensitive personal safety issues. These circumstances are "exceptional" within the meaning of *Colorado River* and *Moses H. Cone*, and strongly favor declining jurisdiction. Even if jurisdiction technically existed—abstention principles independently support remand.

Determining whether abstention is proper under *Colorado River* requires a two-part test. First, the court must determine whether the actions are substantially parallel, in this case there are substantially overlapping factual issues. If the actions are parallel, then the court must examine six factors to determine abstention.1) which court first assumed jurisdiction over the property; (2) the inconvenience of the federal forum; (3) the desirability of avoiding piecemeal litigation; (4) the order in which jurisdiction was obtained; (5) whether federal or state law controls; and (6) whether the state court will adequately protect the interests of the parties.

Courts recognize that the balance is weighted toward exercising jurisdiction, but in safety-sensitive, overlapping proceedings like this—where state courts are already actively supervising confidentiality, conduct, and protection—those factors weigh decisively toward abstention

## VII. COMITY, JUDICIAL ECONOMY, AND FAIRNESS STRONGLY SUPPORT REMAND

Federal courts evaluating removal must also consider the broader interests of judicial economy, fairness, and comity. Those interests weigh heavily toward return of this case to New York's coordinated judicial system.

Federal law reflects a strong policy interest in protecting victims of domestic violence, stalking, and harassment, including through confidentiality safeguards and coordinated judicial supervision. *See generally* Violence Against Women Act. While VAWA does not alter federal jurisdictional statutes, its policy objectives reinforce the principles of comity, fairness, and judicial economy that guide discretionary remand and abstention analysis. Where, as here, state courts are already actively supervising protective orders and confidentiality measures, federal retention risks unnecessary disruption of coordinated safety protections.

New York courts are already deeply engaged with Plaintiff's circumstances; two separate New York judges in two separate courts have issued protective rulings, sealed Plaintiff's identity, and are actively managing Plaintiff's safety. Maintaining this matter in federal court would fracture oversight, undermine confidentiality, burden a protected plaintiff with duplicative litigation, and disrupt ongoing state protection mechanisms. The public interest, as well as fundamental fairness,  supports remand.

## VIII. FEES ARE APPROPRIATE UNDER 28 U.S.C. § 1447(c)

Where a removal lacks an objectively reasonable basis, or is pursued to prolong litigation and impose costs, courts may award fees under 28 U.S.C. § 1447(c). *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 140–41 (2005). Defendants did not remove this New York Supreme Court case at its outset June 20, 2025. On July 11th, 2025, Defendants filed a Notice of Limited Appearance. August 31, 2025 Defendants filed 2 motions and corresponding legal memorandums: Motion to Accept late Answer and Deny Default and Motion to Dismiss. On September 5, 2025 defendants filed a Cross-Motion in Opposition to Plaintiff's Motion to Proceed under Pseudonym. This has totaled more than 64 filings currently. On November 13, 2025 Justice Aaron Maslow GRANTED Plaintiff's Request to proceed under pseudonym, ordered the complaint amended and defendants re-served within 14 days and additionally ordered the entire index  SEALED after multiple judicial safety findings had been entered,

and as proceedings began moving toward discovery. Removal at that moment did not correspond to any newly-arising jurisdictional basis. Rather, Defendants removed only after adverse state-court rulings and without any change in the underlying jurisdictional facts.

Removal statutes are strictly construed, and the removing party bears the burden of demonstrating that federal jurisdiction exists. *See Grimo v. Blue Cross/Blue Shield, 34 F.3d 148, 151 (2d Cir. 1994); Lupo v. Human Affairs Int'l, Inc., 28 F.3d 269, 274 (2d Cir. 1994)*. Where removal follows extensive state litigation and no objective jurisdictional necessity is shown, doubts are resolved in favor of remand. See 28 U.S.C. § 1447(c).

Defendants removed without establishing jurisdiction, refused to acknowledge the existence of federal subject-matter jurisdiction, disrupted ongoing state-court proceedings, and forced a protected plaintiff to expend resources responding to a removal that served primarily as a delay mechanism. Under *Martin v. Franklin Capital Corp.*, 546 U.S. 132, fees are appropriate because removal lacked an objectively reasonable jurisdictional basis.

## **CONCLUSION**

Defendants have failed to establish complete diversity which is a substantial basis to Remand. Defendants have failed to provide competent, affirmative evidence establishing the citizenship of all defendants at the time this action was commenced. In particular, Defendants have not established the domicile of Chase Horval, despite repeated failed service attempts at his registered address and Defendants' refusal to provide clarifying information, nor have they established the corporate citizenship of Shadow Kingdom Records. This failure of proof is dispositive, as the burden rests entirely with the removing parties.

The evidentiary record further demonstrates Defendants' sustained in-state commercial activity through New York–based distributors, retail and online record stores, including Darkside Records (Poughkeepsie, NY), Hospital Productions (New York, New York), and Redrum Records / Mortician / William Rahmer (Yonkers, New York), as well as promotional partnerships with New York music venues Tv Eye (Brooklyn, New York) and El Bunker Del Diablo (Long Island, NY). These relationships reflect ongoing, in-state commercial activity directed at and carried out within New York, notwithstanding Defendants' failure to establish any Pennsylvania incorporation or principal place of business.

They have not met their burden to establish jurisdiction. Remand is mandatory.

Defendants did not seek removal at the outset of this action. Instead, removal occurred only after the November 13, 2025 state-court rulings, including orders granting pseudonym protection, sealing the record, and directing re-service. Defendants have identified no newly arising jurisdictional facts that would justify removal at that stage, reinforcing that federal jurisdiction was not diligently or properly invoked.

In addition, there are active and ongoing related proceedings in Kings County Family Court, File No. 327053, arising from the same underlying course of conduct and involving judicially imposed protective and confidentiality measures. New York courts are currently exercising coordinated oversight to address Plaintiff's safety and rights.

Accordingly, even if jurisdiction were deemed to exist, extraordinary circumstances — including ongoing state-court supervision, overlapping factual issues, and the risk of fragmented or inconsistent rulings — independently warrant abstention under the Colorado River doctrine in the interests of comity, judicial economy, and fairness.

---

**WHEREFORE**, for the foregoing reasons, Plaintiff respectfully requests that this Court enter an Order:

1. Remanding this action to the Supreme Court of the State of New York, County of Kings, pursuant to 28 U.S.C. § 1447(c);
2. Reinstating and honoring all state-court orders previously entered in this matter, including orders granting pseudonym protection, sealing the record, address confidentiality, and protective relief;
3. Awarding Plaintiff just costs and actual expenses, including reasonable fees, incurred as a result of Defendants' improper removal, pursuant to 28 U.S.C. § 1447(c);
4. Granting such other and further relief as the Court deems just and proper.

Dated: January 7, 2026

Brooklyn, New York

Respectfully submitted,

/s/ *Mary Moe*

Mary Moe
Plaintiff, pro se
*Address Confidentiality*
Kings Family Court, NY File # 327053
*Pseudonym Order*
Kings Supreme Civil, NY Index # 520441/2025

**CERTIFICATE OF SERVICE**

I hereby certify that on **January 7, 2026**, the foregoing **Plaintiff's Memorandum of Law in Support for Motion to Remand**, were filed via this Court's electronic filing system and that copies of same were served upon all parties via the Eastern District of New York Courts Electronic Filing system.

/s/ *Mary Moe*

Mary Moe
Plaintiff, pro se
*Address Confidentiality*
Kings Family Court, NY File # 327053
*Pseudonym Order*
Kings Supreme Civil, NY Index # 520441/2025

**UNITED STATES DISTRICT COURT**

15

## EASTERN DISTRICT OF NEW YORK

**MARY MOE**                                          Case No. 1:25-cv-06951

     Plaintiff,                                        **JUDGE: RML**

     Vs.                                          **EXHIBIT LIST IN SUPPORT OF PLAINTIFF'S MOTION TO REMAND**

**Hells Headbangers Records, Inc,
Shadow Kingdom Records, Eric M.
Horval, Justin R. Horval, Chase Horval
And Subsidiaries,**

     Defendants

---

### EXHIBIT INDEX — PLAINTIFF'S MOTION TO REMAND

Exhibit 1 -    June 20, 2024 - New York Family Court Protection Orders

    Exhibit 1A -    June 20, 2024 Address Confidentiality Order - Justice Sandra Munoz

    Exhibit 1B -    July 18, 2024 - New York Family Court Additional Protection Orders Added

    Exhibit 1C -    January 14, 2026 - New York Family Court Ongoing Protections

    Exhibit 1D -    Metal Sucks.com Article with harassment from 2022 through May 2024

Exhibit 2 -    July 30, 2025 - Plaintiff's Motion to Proceed Under Pseudonym

Exhibit 3 -    August 31, 2025 - Defendant's Cross-Motion in Opposition to Plaintiff's Motion to Proceed under Pseudonym.

Exhibit 4 -    November 13, 2025 Justice Aaron Maslow's Orders - New York Civil Supreme Court

Exhibit 5 -    November 26, 2025 Plaintiff's Motion for Extension Re: Service / Obstruction Chase Horval

Exhibit 6 -    December 10, 2025 Affidavit Mark Belica - Cuyahoga County Sheriffs Civil Division

Exhibit 7 -    Cuyahogacounty.gov - Chase Horval - Registered residential address

Exhibit 8 -     December 15, 2025 Plaintiff's Affirmation of Du Diligence and Proposed Order

Exhibit 9 -    December 17, 2025 - USB Video - Calvin Hildreth / Eric Horval

Exhibit 10 -    December 26, 2025 Affidavit of Calvin Hildreth. - AMC Process Service

Exhibit 11 -    Hells Headbangers Records, Inc - Pennsylvania Certificate of Non-Existence

    Exhibit 11A -  Hells Headbangers.com - Mortician - Full Manufacturing and Distribution List

    Exhibit 11B - Bandcamp - Hells Headbangers Profile page - Mortician Listed Predominately.

Exhibit 11C -  Mortician LP "Hacked Up for Barbeque" by Hells Headbangers Records, Inc

Exhibit 12 -    Shadow Kingdom Records -Pennsylvania Certificate of Non-Existence

Exhibit 12A -  Shadow Kingdom Records.com information page

Exhibit 12B -  Ohio Certificate of Cancellation - Shadow Kingdom Records

Exhibit 12C - Shadow Kingdom Records.com Distros Mortician releases (by Hells Headbangers)

Exhibit 13 -    Event Flier - Shadow Kingdom Records / TV Eye Brooklyn, NY

Exhibit 13A - TV Eye Brooklyn, NY - Instagram Profile

Exhibit 13B - TV Eye - New York Department of State business registration

Exhibit 14 -    Event Flier - Hells Headbangers / El Bunker Del Diablo, Long Island, NY

Exhibit 15 -    Order Confirmation from Hells Headbangers Records to New York Resident

Exhibit 16 -    William Rahmer Facebook profile - www.facebook.com/will.rahmer.1/

Exhibit 16A - William Rahmer - Metal Archives.com Artist Profile - Mortician / Redrum Records

Exhibit 16B-   William Rahmer - New York.gov Voter Registration

Exhibit 16C -  William Rahmer - Westchester County New York Revokable Living Trust

Exhibit 17 -    Will Rahmer Facebook Message to Plaintiff

Exhibit 18 -    William Rahmer harassing phone calls to Plaintiff Sept 9 - Call Log, needs subpoena.

Exhibit 19 -    Blabbermouth.net Article -*"Mortician Vocalist Arrested In Poland After Stealing Ca, Threatening Cab Driver w/ Knife"*

Exhibit 20 -    Darkside Records - New York Department of State business registration

Exhibit 20A - Darkside Records distributes Hells Headbangers Records in New York

Exhibit 20B - Darkside Records distributes Shadow Kingdom Records in New York

Exhibit 21 -    Redrum Records - Metal Archives.com Music Label Profile

Exhibit 21A -  Redrum Records - New York Dept of State business cancellation

Exhibit 22 -    Hospital Records - Metal Archives.com Music Label Profile

Exhibit 22A - Hospital Records LLC - New York Dept of State business registration

Exhibit 22B - Hells Headbangers Records, Inc distributes Hospital Productions LLC releases


I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed: January 7, 2026

Brooklyn, New York

Respectfully submitted,



/s/ *Mary Moe*

Mary Moe
Plaintiff, pro se
*Address Confidentiality Ordered*
Kings Family Court, NY File # 327053
*Pseudonym Ordered*
Kings Supreme Civil, NY Index # 520441/2025

**CERTIFICATE OF SERVICE**

I hereby certify that on **January 07, 2026**, the foregoing **Exhibit List in Support of Plaintiff's Motion to Remand**, were filed via this Court's electronic filing system and that copies of same were served upon all parties via the Eastern District of New York Courts Electronic Filing system.

/s/ *Mary Moe*

Mary Moe
Plaintiff, pro se
*Address Confidentiality*
Kings Family Court, NY File # 327053
*Pseudonym Order*
Kings Supreme Civil, NY Index # 520441/2025