# EXHIBIT 2

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS
*360 Adams Street Brooklyn, NY 11201*

| | |
|---|---|
| ███████████████████  ) | **Index # 52044/2025** |
| ) | |
| Plaintiff,  ) | **Judge: Aaron Maslow** |
| ) | |
| Vs.  ) | **Plaintiff's Motion for Leave to Proceed** |
| ) | **Under Pseudonym** |
| ) | |
| **Eric M. Horval**  ) | |
| **Justin Horval**  ) | |
| **Hells Headbangers Records**  ) | |
| **Shadow Kingdom Records**  ) | |
| ) | |
| ) | |
| Defendants  ) | |

---

Plaintiff ██████████████████, respectfully submits this Motion for Leave to Proceed Under Pseudonym and memorandum in support of their motion, until such time as the court may order their names to be disclosed.

A return date is kindly requested on August 7th, 2025.

Dated: New York, New York

July 30th, 2025

Respectfully submitted,

████████████████████
████████████████
Plaintiff, pro se
*Address Confidentiality*
King County, NY File # 327053
E: ███████████@gmail.com

1

Case 1:25-cv-06951-RER-RML    Document 5-4    Filed 01/08/26    Page 2 of 25 PageID #:
159

## PRELIMINARY STATEMENT

Even for the most sophisticated and well-resourced adversaries, filing suit to hold a politically charged white supremist propaganda "music label" accountable for breaking the law is a dangerous decision, one the Plaintiff has already seen play out in 2022-2024, and which led to her permanent injury. The Defendants wielded their wealth, stature, "infamy" and social media presence to attack the Plaintiff for reporting years' long abuses suffered by the Defendant's. The Defendants have physically threatened Plaintiff, stalked her throughout the country and conspired with third-parties to also attack Plaintiff.

In the current 2025 political environment, and years before this topic was national news; it was well documented in educational dissertations, such as, "White Nationalism is for Basement Dwelling Losers": An Exploration of Far-Right Political Extremism in Heavy Metal Music, by Jillian Fischer Sept. 2022 (Exhibit 12) The undeniable existence of violent, conservative, political ideologies rooted at the center and which permeates throughout national socialist black metal music. The Defendants weaponized precisely this mentally ill demographic, targeting the Plaintiff, infiltrating every aspect of their life through silent conspirators to paid sponsorships to musicians with assumed credibility to destroy her career and reputation within the music and fashion industries, while sickeningly unjustly enriching themselves through further exploitation of the Plaintiff's body through illegal publication of sexually explicit and violent images and depictions.

As soon as the Plaintiff reported the crimes committed against her, Defendants used their platform to instantly unleash harassment, verbal assaults, cyberattacks, and even death threats against Plaintiff and encourage their followers to do the same. This has gone on for years until Plaintiff has had

Case 1:25-cv-06951-RER-RML    Document 5-4    Filed 01/08/26    Page 3 of 25 PageID #:
160

to flee into hiding. In this volatile climate, and the very sensitive and private information being

disclosed, Plaintiff faces a clear and present danger of, further, retaliation. So, too, do their friends and families.

This risk is especially grave for plaintiffs who are economically marginalized, who allege

that they were personally betrayed by the Defendants. Plaintiff here is a career executive in the fashion

and music industry, who is a caregiver for her 22-year-old disabled son, and is now disabled herself with

PTSD due to the Defendant's ongoing, intentional and illegal tortious actions. Due to these facts, the

Kings Family Court issued Plaintiff an address confidentiality order June 20th 2024. Due in part to the

systematic court delays in that case, the OOP has allowed Plaintiff enough space to recover and to file

this lawsuit. It is likely that Plaintiffs and their families will face further credible threats of violence (or

actual violence) if they are revealed to the world, they are now seeking monetary damages.

The law does not require victims of wrongdoing to endanger themselves, or to set their lives

ablaze, as a condition of holding the powerful to account. Due to systematic injustices, the Plaintiff has

already suffered conflagration of her entire career and personal life. They wish not; a repeat of history.

Furthermore, the litigation involves matters that are highly sensitive and of a personal nature.

Specifically, the medical effects of prolonged abuse upon an individual being denied protection due to

the abusers' personal connections with law enforcement and OH law enforcement's motivation to cover

up a crime, in light of protecting a fascist propaganda machine – who, due to this intentional

suppression, spread their genocidal ideologies across state lines throughout the 2023 and 2024

presidential election, thus using the Plaintiff as their "example" of the ideals they should seek to attack

and vote against – women and the Autistic.

In cases like this, courts balance all relevant interests—those of the plaintiffs, the

defendants, and the public—and hold that plaintiffs may proceed under pseudonyms. Simply stated, publicly revealing Plaintiffs' identities would needlessly put them at further grave risk of harm. Defendants, on the other hand, will suffer no prejudice at this stage of the litigation from not knowing Plaintiffs' names. In fact, they have welcomed the "notorious" reputation they have earned through the known and very public exploitation of the Plaintiff. And the public interest is best achieved by preserving anonymity, which will allow these important claims to be evaluated on the merits, rather than distorted by a campaign to intimidate and harm Plaintiffs, as the Defendants have already done.

## **STATEMENT OF FACTS**

The Defendants have a long history of retaliating against the Plaintiff. Indeed, public humiliation and attacks are hallmarks of the Defendant's approach to litigation. The Defendant's incited their agents and supporters to join these extra efforts, unleashing a tsunami of negative consequences against the Plaintiff. The tendency of the Defendant's and their agents and supporters to lash out against litigants and critics only intensified until Kings County Family Court intervened June 20th, 2024. The following are examples of what has already happened to Plaintiff, broadcast by the Defendants in the public sphere to their 100k+ mentally unstable followers.

A. "Wild and Slanderous Hells Headbangers Accusations Addressed with Straight FACTS by J-Dawg" – YouTube (Exhibit 13)

B. "SLOPPY HIT JOB on Hells Headbangers destroyed by ARREST REPORT of Unwell Accuser!" -YouTube (Exhibit 14)

C. "JOABA EPISODE 37 with JUSTIN of HELLS HEADBANGERS aka J-DAWG"- YouTube (Exhibit 15)

D. "Hells Headbangers Co-Owner Eric Horval Accused of Rape and Abuse, Brother and

4

Co-Owner Justin Horval Says, There's Zero Truth to It Whatsoever" –

www.metalsucks.net – A third Party Publication, currently online with comments by the
Defendants, supporters and agents continually slandering Plaintiff. (Exhibit 16)

## ARGUMENT

Although Federal Rule of Civil Procedure 10(a) provides that the "title of the complaint must

name all the parties," courts have "approved of litigating under a pseudonym in certain circumstances",

particularly those related to topics of a sensitive or personal nature.

In deciding whether a plaintiff may be allowed to maintain an action under a pseudonym, "the

plaintiff's interest in anonymity must be balanced against both the public interest in disclosure and any

prejudice to the defendant." This is a "factor-driven balancing inquiry [that] requires a district court to

exercise its discretion in the course of weighing competing interests." The Second Circuit has set forth a

list of ten non-exhaustive factors that courts may consider in determining whether to permit a plaintiff to

proceed pseudonymously:

(1) whether the litigation involves matters that are highly sensitive and of a personal
nature;

(2) whether identification poses a risk of retaliatory physical or mental harm to the party
seeking to proceed anonymously or even more critically, to innocent non-parties;

(3) whether identification presents other harms and the likely severity of those harms;

(3) whether the plaintiff is particularly vulnerable to the possible harms of disclosure,
particularly in light of the plaintiff's age;

(5) whether the suit is challenging the actions of the government or that of private parties;

(6) whether the defendant is prejudiced by allowing the plaintiff to press his claims
anonymously, whether the nature of that prejudice (if any) differs at any particular
stage of the litigation, and whether any prejudice can be mitigated;

(7) whether the plaintiff's identity has thus far been kept confidential;

(8) whether the public's interest in the litigation is furthered by requiring the plaintiff to

disclose his identity;

(9) whether, due to the purely legal nature of the issues presented or otherwise, there is an atypically weak public interest in knowing the litigants' identities; and

(10) whether there are any alternative mechanisms for protecting the confidentiality of the plaintiff.

Courts are "not required to list each of the factors or use any particular formulation as long as it is clear that the court balanced the interests at stake in reaching its conclusion." The same non-exhaustive list of factors governs analysis of anonymity in litigation. In this instance, all of the relevant factors strongly weigh in favor of granting Plaintiffs' motion to file this case using pseudonyms.

### The Risks to Plaintiff Strongly Favor Allowing Plaintiff to File This Case Using a Pseudonym

The Second Circuit's multi-factor list begins with three factors that concern potential harms to plaintiffs (and others) if their identities are disclosed.

### Identification Poses a Risk of Retaliatory Mental and Physical Harm to Plaintiff.

Plaintiff easily satisfies the second, and arguably the most important factor in this group: whether identification poses a risk of retaliatory physical or mental harm to the party seeking to proceed anonymously—or poses such a risk to innocent non-parties. As discussed above, this lawsuit is being filed due to the unprecedented vitriol and violence she received, incited by the Defendants, for seeking protection orders against them previously. This led to a permanent injury to which Plaintiff is still recovering from. Plaintiff faced prolonged retaliatory mental and even physical harm due to their identities being made public. Public disclosure also could result in harm to "innocent non-parties, such as family members of Plaintiff and would be exposed to the media glare.

Indeed, the Plaintiff has for many years faced threats, public backlash, intimidation, and reprisals already. Plaintiff here is rightfully concerned that they will experience the same behavior in light of this

FILED: KINGS COUNTY CLERK 07/29/2025 03:43 PM
NYSCEF DOC. NO.: 25

INDEX NO. 520441/2025
RECEIVED NYSCEF: 07/30/2025

Case 1:25-cv-06951-RER-RML   Document 5-4   Filed 01/08/26   Page 7 of 25 PageID #:
164

case. She has already been attacked online and in the press, verbally and physically assaulted, threatened with physical harm, and forced to flee their homes and take refuge with friends or family to avoid public harassment. If thrust into the public court for another onslaught of retaliation and other consequences, it is likely the Plaintiff will suffer irreversible injury.

## **CONCLUSION**

Balancing the relevant factors, the unique circumstances outlined herein outweigh any interest that Defendants or the public may have in disclosure of Plaintiffs' identity. The Plaintiff has a legitimate and reasonable concern that they will face additional and ongoing substantial retaliation, harassment, and even violence if their identities are publicly disclosed. The Court should grant Plaintiffs' motion and allow them to proceed with this complaint under a pseudonym.

Dated: New York, New York

July 30th, 2025

Respectfully submitted,

███████████

Plaintiff, pro se
*Address Confidentiality*
King County, NY File # 327053
E: ███████████@gmail.com

Case 1:25-cv-06951-RER-RML    Document 5-4    Filed 01/08/26    Page 8 of 25 PageID #: 165

# SUPREME COURT OF THE STATE OF NEW YORK

EXHIBIT 3

### COUNTY OF KINGS

███████████████,

Plaintiff,

v.

**ERIC HORVAL, JUSTIN HORVAL, HELLS HEADBANGERS RECORDS, and SHADOW KINGDOM RECORDS,**

Defendants.

Index No. 520441/2025

# COVER SHEET

———————————————————————————

### DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION TO PROCEED UNDER PSEUDONYM

**Contents of This Filing:**

1. **Notice of Cross-Motion and Opposition** – formal notice that Defendants oppose Plaintiff's motion to proceed under pseudonym and cross-move for denial of pseudonym relief.

2. **Affidavit of Eric Horval** – sworn statement explaining why pseudonym protection is not warranted.

3. **Memorandum of Law** – supporting legal arguments showing Plaintiff has not met the strict standard for pseudonym relief under New York law.

**Filed by:**
Eric Horval, Pro Se Defendant, on behalf of all Defendants

4405 Sharon Copley Rd, Medina, OH 44256
330-635-8489 • hhreric@gmail.com

Dated: August 29, 2025

Case 1:25-cv-06951-RER-RML    Document 5-4    Filed 01/08/26    Page 9 of 25 PageID #: 166

**SUPREME COURT OF THE STATE OF NEW YORK**
**COUNTY OF KINGS**
**Index No.: 520441/2025**

---

Plaintiff,

-vs-

ERIC HORVAL; JUSTIN HORVAL; HELLS HEADBANGERS RECORDS; SHADOW KINGDOM RECORDS,

Defendants.

# NOTICE OF CROSS-MOTION

PLEASE TAKE NOTICE that upon the annexed Affidavit of Eric Horval, sworn to on August 29, 2025, and the accompanying Memorandum of Law, the Defendants will cross-move this Court at IAS Part [___], at the courthouse located at 360 Adams Street, Brooklyn, New York, on October 10, 2025 (the return date of Plaintiff's motion), or as soon thereafter as counsel may be heard, for an Order:

1.  Denying Plaintiff's Motion to Proceed Under a Pseudonym;

2.  Granting such other and further relief as the Court deems just and proper.

Defendants expressly preserve and do not waive their defense of lack of personal jurisdiction.

Dated: August 29, 2025

_Eric Horval_

Eric Horval, Pro Se Defendant, on behalf of all Defendants

4405 Sharon Copley Rd, Medina, OH 44256
330-635-8489 • hhreric@gmail.com

**SUPREME COURT OF THE STATE OF NEW YORK**
**COUNTY OF KINGS**
**Index No.: 520441/2025**

███████████████ ,

**Plaintiff,**
-vs-

**ERIC HORVAL; JUSTIN HORVAL; HELLS HEADBANGERS RECORDS; SHADOW KINGDOM RECORDS,**
**Defendants.**

### AFFIDAVIT OF ERIC HORVAL

### IN OPPOSITION TO PLAINTIFF'S MOTION TO PROCEED UNDER PSEUDONYM

STATE OF OHIO   )  ss.:

COUNTY OF MEDINA)

I, Eric Horval, being duly sworn, depose and say:

1. I am a named Defendant, appearing pro se. I submit this affidavit in opposition to Plaintiff's motion to proceed under a pseudonym.

2. Plaintiff has already publicized her identity and allegations through her own online posts, social media activity, third-party articles, and exhibits she filed in this case. Having done so, she cannot credibly claim that using her real name in court papers will cause new or greater harm.

3. Plaintiff repeatedly mischaracterizes "a June 20, 2024 Family Court order." The June 20 entry was an administrative address-confidentiality order. It was not a merits ruling, did not order removal of any videos, and did not adjudicate the truth of her allegations.

4. Allowing a pseudonym here would prejudice Defendants (including my brother Justin Horval and our businesses Hells Headbangers Records and Shadow Kingdom Records) by permitting Plaintiff to litigate publicly against us while concealing her own identity. Transparency and fairness favor denial.

5. To the extent the Court finds any protection appropriate, it should be narrowly limited to non-substantive identifiers (e.g., home address), consistent with the Family Court's administrative order.

WHEREFORE, I respectfully request that the Court deny Plaintiff's motion to proceed under a pseudonym, or alternatively, limit any protection to address-level confidentiality only.

Dated: August 29, 2025

*[signature]*

Eric Horval, Pro Se Defendant, on behalf of all Defendants
4405 Sharon Copley Rd, Medina, OH 44256
330-635-8489 • hhreric@gmail.com

STATE OF OHIO ) ss.:

COUNTY OF MEDINA)


On the 29 day of August, 2025, before me personally appeared ERIC HORVAL, to me known and known to me to be the individual described in and who executed the foregoing, and duly acknowledged to me that he executed the same. This acknowledgment conforms to the laws of the State of Ohio.


_____
Notary Public

JANICE LYNN JOKKEL
Notary Public
State of Ohio
My Comm. Expires
April 25, 2028

Case 1:25-cv-06951-RER-RML    Document 5-4    Filed 01/08/26    Page 12 of 25 PageID #: 169

**SUPREME COURT OF THE STATE OF NEW YORK**
**COUNTY OF KINGS**
**Index No.: 520441/2025**

███████████████,

**Plaintiff,**

-vs-

**ERIC HORVAL; JUSTIN HORVAL; HELLS HEADBANGERS RECORDS; SHADOW KINGDOM RECORDS,**
**Defendants.**

**MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFF'S MOTION TO PROCEED UNDER PSEUDONYM**

**ARGUMENT**

**POINT I – PLAINTIFF HAS NOT DEMONSTRATED A BASIS FOR ANONYMITY.**

New York law presumes open courts. Pseudonyms are permitted only in exceptional circumstances, such as where minors or survivors of sexual assault face concrete, ongoing harm. General reputational concerns are not enough. Here, Plaintiff's allegations are ordinary civil claims. Her filings show she has already broadcast her allegations online and through third-party media. That record undermines her request.

**POINT II – ANONYMITY WOULD PREJUDICE DEFENDANTS.**

Defendants are named publicly, while Plaintiff seeks to attack them from behind a shield. That would distort the playing field and hinder Defendants' ability to investigate facts, address witnesses, and defend themselves. Pseudonym status would unfairly signal that Plaintiff's allegations warrant special treatment.

**POINT III – THE PUBLIC INTEREST IN OPEN COURTS FAVORS DENIAL.**

The public has a right to observe and understand judicial proceedings. Granting anonymity here would undermine that principle and encourage litigants to seek concealment whenever their cases attract attention. If privacy needs exist, targeted redactions of specific identifiers (such as residential addresses) are sufficient; wholesale anonymity is unnecessary and improper.

**CONCLUSION**

For these reasons, Defendants respectfully request that the Court deny Plaintiff's motion to proceed under a pseudonym. Alternatively, if any protection is deemed appropriate, it should be narrowly limited to sealing personal address information or similar identifiers, not concealing Plaintiff's name.

Dated: August 29, 2025

Medina, OH

Case 1:25-cv-06951-RER-RML    Document 5-4    Filed 01/08/26    Page 13 of 25 PageID #: 170

Respectfully submitted,

Eric Horval, Pro Se Defendant, on behalf of all Defendants

4405 Sharon Copley Rd, Medina, OH 44256
330-635-8489 • hhreric@gmail.com

Case 1:25-cv-06951-RER-RML    Document 5-4    Filed 01/08/26    Page 14 of 25 PageID #: 171

EXHIBIT 4  KINGS COUNTY CLERK
FILED

2025 NOV 14  A 10: 38

At an I.A.S. Trial Term, Part 2, of the Supreme Court of the State of New York, held in and for the County of Kings, at the Courthouse, located at 320 Jay Street, Borough of Brooklyn, City and State of New York, on November 13, 2025.

P R E S E N T :
Hon. AARON D. MASLOW
    Justice

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

███████████████,

                                    Plaintiff,

            -against-

ERIC M. HORVAL, JUSTIN HORVAL,
HELLS HEADBANGERS RECORDS,
SHADOW KINGDOM RECORDS.

                                    Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

ORDER (CHANGE OF CAPTION, APPEAR PSEUDONYMOUSLY, AND OTHER RELIEF)

Index No. 520441/2025

Motion Sequence No(s). 5 (**Cal. No. 1**), 4 (**Cal. No. 2**), 3 (**Cal. No. 3**), 2 (**Cal. No. 4**), 1 (**Cal. No. 5**)

The following numbered papers were used on the motion(s): NYSCEF Document Numbers 1-63.

Upon the foregoing papers, having ~~been transcribed and argued~~ *determined the motions on submission due to no appearances,* and due deliberation having been had,

It is hereby **ORDERED** as follows:

**A decision upon which this order is based was dictated in open court on the record. Available to be transcribed by the court reporter, it shall be included in the record on appeal or appendix should an appeal be taken (*see* CPLR 5526; 22 NYCRR 1250.7 [b] [4], [d] [1] [iii]).**

Motion Sequence No. 1, by Plaintiff seeking to proceed under a pseudonym, is GRANTED. All filings, orders, and decisions in this matter shall refer to Plaintiff by the pseudonym "Mary Moe." Plaintiff's true name, identifying information, and identifying exhibits shall be kept confidential and sealed except as is necessary for the conduct of this litigation. All documents filed in this action shall remain under seal, with access granted only to the persons appearing pro se or as attorneys, the Court, and those employees of the County Clerk and the Court granted permission by the County Clerk or her designee. The caption shall be amended to:

                                    MARY MOE,

                                    Plaintiff,

                                    -against-

            ERIC M. HORVAL, JUSTIN HORVAL, HELLS HEADBANGERS RECORDS, and
            SHADOW KINGDOM RECORDS,

                                    Defendants.

Motion Sequence No. 4, by Defendant Eric M. Horval to deny Plaintiff's motion to proceed pseudonymously, is DENIED.

Motion Sequence No. 5, by Plaintiff to amend the complaint in the form of the proposed amendment complaint contained within NYSCEF Doc. No. 63 is GRANTED. Within 14 days after this order is entered, Plaintiff shall serve the said amended complaint on Defendant Eric M. Horval through

1

NYSCEF (with the above amended caption), and on Defendants Justin Horval, Hells Headbangers Records, and Shadow Kingdom Records in accordance with the provisions of law.

Motion Sequence No. 2, by Defendant Eric M. Horval to compel Plaintiff to accept Defendants' answer and deny a default application, is DENIED. Since Plaintiff is granted leave to serve an amended complaint in the form contained within NYSCEF Doc. No. 63, a new answer will need to be served and filed.

Motion Sequence No. 3, by Defendant Eric M. Horval to dismiss pursuant to CPLR 3211(a)(7) and (8), is DENIED. There are sufficient acts alleged justifying jurisdiction over Defendant Eric M. Horval. The branch of the motion asserting failure to state a cause of action is DENIED as a new amended complaint by Plaintiff is being permitted herein.

The Court notes that to the extent any motion seeks relief in favor of Defendants Justin Horval, Hells Headbangers Records, and Shadow Kingdom Records, it is denied inasmuch as the Court deems said Defendants not to have appeared.

Any further documents, including the permitted amendment complaint, shall reflect the above amended caption which contains a pseudonym for Plaintiff.

E N T E R

HON. AARON D. MASLOW
Justice of the Supreme Court
of the State of New York

For Clerk's use only:

MG 1, 5    MD 2,3,4    Motion Sequence No(s): 1,2,3,4,5

CPLR 5513 (a) provides: "Time to take appeal as of right. An appeal as of right must be taken within thirty days after service by a party upon the appellant of a copy of the judgment or order appealed from and written notice of its entry, except that when the appellant has served a copy of the judgment or order and written notice of its entry, the appeal must be taken within thirty days thereof."

2025 NOV 14 A 10: 38
KINGS COUNTY CLERK
FILED

Case 1:25-cv-06951-RER-RML   Document 5-4   Filed 01/08/26   Page 16 of 25 PageID #: 173

**EXHIBIT** 5

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS
*360 Adams Street Brooklyn, NY 11201*

**MARY MOE**

    Plaintiff,

    Vs.

**Index # 520441/2025**

**NOTICE OF MOTION
FOR EXTENSION OF TIME TO
SERVE AMENDED VERIFIED
COMPLAINT**

    **Eric M. Horval**
    **Justin Horval**
    **Chase Horval**
    **Hells Headbangers Records**
    **Shadow Kingdom Records**

    Defendants

---

Plaintiff Mary Moe, proceeding under court-authorized pseudonym, respectfully moves this Court, for an extension of time to complete service of the Amended Verified Complaint on defendants who have not yet been properly served. A return date is kindly requested by December 15th, 2025.

Dated: Brooklyn, New York

November 27th, 2025

Respectfully submitted,

/s/ *Mary Moe*

Mary Moe
Plaintiff, pro se
*Address Confidentiality*
King County, NY File # 327053

1

Case 1:25-cv-06951-RER-RML   Document 5-4   Filed 01/08/26   Page 17 of 25 PageID #: 174

In support thereof, Plaintiff states:

1. On November 13th, 2025, this Court issued an order granting Plaintiff permission to file the Amended Verified Complaint and directed Plaintiff to serve the amended pleading by uploading the document in the NYCEF system AND serving the additional defendants in accordance with law.

2. On November 21st, 2025, Plaintiff filed the Amended Verified complaint in the NYCEF system fulfilling the courts first order.

3. On November 24th, 2025 Plaintiff instructed the Medina County Sheriff's Civil Service Office for out-of-state service, providing written instructions identifying the correct service address for the intended defendants at 708 Marks Road Suite 401 Valley City, OH 44280.

4. On November 25th, 2025, Deputy D. Clinage of the Medina County Sheriff's Civil Service Office failed to follow Plaintiff's written instructions and did not attempt service at the proper address. Instead, the deputy attempted service on Eric Horval at 4405 Sharon Copley Road Medina Ohio 44256, who has already been served and was *not* the intended recipient for this packet, but a listed party. Exhibit 100

5. It is Plaintiff's belief this was an intentional act of retaliation due to Plaintiff finding evidence Medina City has been falsifying records to illegally force liens on my property within the state. They are currently being sued in The Ohio Court of Claims per their state law for ongoing targeting. Exhibit 101

6. Upon learning of the improper attempt, Plaintiff immediately contacted the Sheriff's Office. On November 26th 2025, Plaintiff provided the Sergeant with second copies of the documents, reiterated the proper service address, and the Sheriff's Office stated it will attempt proper service today or after the Holiday weekend.

7. Proper service was made on Justin Horval November 26th 2025, but not Chase Horval. The form was clear and copies were provided to the Medina Sheriffs office.

8. Chase Horval's business is in Medina County, but his residence is in Lakewood. I will send the Cuyahoga Sheriff's all the documents via certified mail on Friday November 28th when mail service resumes.

2

9.  If they are unable to serve Chase Horval at 1407 Ridgewood Ave, Lakewood OH 44107, I have instructed service by certified mail to his business address at 708 Marks Road Suite 401 Valley City, OH 44280.

10.  I will upload this last proof of service when received by the Cuyahoga County Sheriff's Office.

11. Under CPLR 306-b, the Court may grant an extension of time "for good cause or in the interest of justice" where a plaintiff has made reasonably diligent efforts to serve defendants.

12. Good cause exists here, as Plaintiff:
    o   provided correct written instructions,
    o   relied on the Medina Sheriff's Office,
    o   promptly took corrective action, and
    o   remains ready to complete service immediately upon proper attempt.

13. An extension will avoid prejudice, ensure that all defendants are properly before the Court, and permit the action to proceed on the merits.

**WHEREFORE**, Plaintiff respectfully requests that the Court grant an extension of an additional 14 days, or such other period the Court deems just, to complete personal service of the Amended Verified Complaint on Chase Horval pursuant to CPLR 306-b, and grant any further relief the Court finds proper.

Respectfully Submitted,

/s/ *Mary Moe*

Mary Moe
Plaintiff, pro se
*Address Confidentiality*
King County, NY File # 327053

3

# EXHIBIT 6



### THE CUYAHOGA COUNTY SHERIFF'S DEPARTMENT

THE JUSTICE CENTER 1215 West 3rd Street, Cleveland, Ohio 44113

## RETURN OF SERVICE

Case #: **SH25043399**      Service: **FOREIGN SUMMONS**
Service ID: **154567**

Originating Court's Case #: **520441/2025**      County / State: NEW YORK

Plaintiff: MARY MOE
- VS -
Defendant: CHASE HORVAL, ET AL

Received: 12/05/2025

On  December 10, 2025, I DID NOT SERVE the within named:

**CHASE HORVAL** at

**1407 RIDGEWOOD AVENUE**

**LAKEWOOD, OH 44107**

Deputy, _____

**Service Results:**

12/10/2025 11:37 - NO RESPONSE  Deputy(s):MARK BELICA
12/09/2025 07:26 - NO RESPONSE  Deputy(s):MICHAEL CYRUS
12/08/2025 10:41 - NO RESPONSE  Deputy(s):NATHAN VIETS

| Sheriff Fees: | |
| --- | --- |
| Service & Return: | $18.00 |
| Postage: | $1.00 |
| Copy: | $0.00 |
| Mileage: | $36.00 |
| Foreign Case: | $0.25 |
| TOTAL: | 55.25 |

SHFN209

SCRD

# EXHIBIT 7



🇺🇸 An official website of the Cuyahoga County government. Here's how you know

## CUYAHOGA COUNTY, *Ohio*
### MyPlace

**Search**

City  Entire County

Search By   ⦿ Owner   ◯ Parcel   ◯ Address

31510147 | HORVAL, CHASE E  &  HORVAL, CONSTANZA E | 1407 RIDGEWOOD AVE   🔍

View Map

## PROPERTY DATA

General Information

Transfers

Values

Land

Building Information

Building Sketch

Other Improvements

Permits

Property Summary Report

## TAXES

Tax By Year

Pay Your Taxes Online

## LEGAL RECORDINGS

Get a Document List

## ACTIVITY

Informal Reviews

Board of Revisions Cases

315-10-147

HORVAL, CHASE E & HORVAL, CONSTANZA E

1407 RIDGEWOOD AVE

LAKEWOOD, OH. 44107

# Transfer History

### Transfer Date: 04/27/2018

Transfer Date:  4/27/2018 8:42:00 AM
AF Number:
Receipt:

| Parcel | Deed Type | Vol / Page | Sales Amt | Convey Fee | Convey No | Multiple Sale / No of Parc |
|--------|-----------|------------|-----------|------------|-----------|----------------------------|
| 315-10-147 | Survivorship Deed | / | $275,000.00 | $1,100.00 | 411169 | 0 / 1 |

| Grantee(s) | Grantor(s) |
|------------|------------|
| HORVAL, CHASE E & HORVAL, CONSTANZA E | MITCHELL BRETT & ANGELA |

### Transfer Date: 06/27/2014

### Transfer Date: 10/31/2007

### Transfer Date: 11/13/2006

Top    View Map

Updated :12/23/2025 03:21:29 AM

Disclaimer: Cuyahoga County provides this geographic data and related analytical results as a free public service on an "as is" basis. Cuyahoga County makes no guarant warranty(ies) as to the accuracy, completeness, or timeliness of the information contained herein, and said information is not intended to, nor does it, constitute an offici record of Cuyahoga County. While much of the data contained herein is compiled from public records, the official records of the public office or agency from which they we compiled remains the official record of any such public office or agency. **By accessing, viewing or using any part of the site, you expressly acknowledge you have read, agree to and consent to be bound by all of the terms and conditions listed on this site. Routine maintenance is performed on Fridays and disruptions may occur. We apologize for any inconvenience.**

WATER DEPARTMENT OFFICIALS: AS OF JANUARY 1, 2021 PLEASE UTILIZE THE TRANSFER TAB ON THE MYPLACE SITE TO DETERMINE OWNERSHIP FOR CREATING OR CLOSING ACCOUNTS. PARCEL DATA ON PROPERTY TRANSFERS ARE UPDATED DAILY. THEREFORE, YOU CAN NOW RELY ON THIS SITE FOR ACCURATE REAL PROPERTY OWNERSHIP. YOU ARE ALSO WELCOME TO ACCEPT COPIES OF RECORDED DEEDS FROM OUR OFFICE.

THANK YOU

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS
*360 Adams Street Brooklyn, NY 11201*

**MARY MOE**                                           **Index # 520441/2025**

        Plaintiff,

        Vs.                                            **<u>AFFIRMATION OF
                                                       DUE DILIGENCE</u>**

                                                       **(CPLR §§ 308(5) and 306-b)**

        **Eric M. Horval**
        **Justin Horval**
        **Chase Horval**
        **Hells Headbangers Records**
        **Shadow Kingdom Records**

                Defendants

---

I, **Mary Moe**, affirm under penalty of perjury pursuant to CPLR § 2106 as follows:

1. I am the Plaintiff in this action, proceeding under a Court-authorized pseudonym, and submit this Affirmation in support of my request for an Order authorizing alternative service upon Defendant Chase Horval pursuant to CPLR § 308(5).

2. On November 13, 2025, this Court granted Plaintiff leave to file an Amended Verified Complaint and directed that defendants be served in accordance with law.

3. On November 21, 2025, Plaintiff timely filed the Amended Verified Complaint in the NYSCEF system.

4. Thereafter, Plaintiff exercised diligent and repeated efforts to effect personal service upon Defendant Chase Horval.

5. On or about November 24, 2025, Plaintiff retained the Medina County Sheriff's Civil Service Office to effect out-of-state personal service at Defendant's known business address located at 708 Marks Road, Suite 401, Valley City, Ohio 44280, and provided written instructions identifying the correct recipient.

6. Personal service was not affected on Defendant Chase Horval, but his brother, Eric Horval, at an address not listed in the request.

7. Plaintiff then arranged for service attempts through the Cuyahoga County Sheriff's Office, directed to Defendant Chase Horval's last known residence located at 1407 Ridgewood Avenue, Lakewood, Ohio 44107.

8. Despite these efforts, Defendant Chase Horval has not been personally served. Plaintiff has now attempted service through multiple Sheriff's departments, at multiple addresses, without success.

9. Based on the foregoing, personal service pursuant to CPLR §§ 308(1) and 308(2) has proven impracticable, despite Plaintiff's diligent and good-faith efforts.

10. Defendant Chase Horval continues to maintain business and mailing addresses associated with the locations identified above, and service by certified mail is reasonably calculated to provide Defendant with actual notice of this action.

11. Plaintiff therefore respectfully requests that the Court authorize service upon Defendant Chase Horval by certified mail, return receipt requested, together with regular first-class mail, pursuant to CPLR § 308(5), and that service be deemed complete upon mailing.

12. Plaintiff further requests that such relief be granted in the interest of justice and consistent with the extension of time previously sought under CPLR § 306-b.

WHEREFORE, Plaintiff respectfully requests that the Court grant leave to serve Defendant Chase Horval by alternative means pursuant to CPLR § 308(5), and for such other and further relief as the Court deems just and proper.

Dated: December 15th, 2025
Brooklyn, New York

Respectfully submitted,

/s/ *Mary Moe*

Mary Moe
Plaintiff, pro se
*Address Confidentiality*
King County, NY File # 327053

2

# EXHIBIT 10

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| MARY MOE | ) | CASE No. 1:25-cv-6951 |
| | ) | |
| Plaintiff | ) | |
| | ) | |
| v. | ) | JUDGE ROBERT M. LEVY |
| | ) | |
| ERIC M HORVAL, JUSTIN R HORVAL, | ) | |
| CHASE HORVAL, HELLS HEADBANGERS | ) | |
| RECORDS, SHADOW KINGDOM | ) | |
| RECORDS, AND SUBSIDIARIES | ) | |
| | ) | **AFFIDAVIT OF CALVIN E. HILDRETH** |
| Defendants | ) | |
| | ) | |
| | ) | |
| | ) | |

Calvin E. Hildreth, having been duly cautioned and sworn according to law, states as follows:

1. I am the owner of AMC Process Service at 240 9th Street Northeast, Barberton, Ohio 44203 | (234) 716-3072; 18 years of age or older; not a party of the above-captioned case.

2. At the specific request of the Plaintiff, "Mary Moe," I attempted to serve a Summons, Amended Verified Complaint and Verification (83 pages total) upon Chase Horval.

3. I conducted online searches of Ohio Secretary of State records to ensure I had complete and accurate address information for Chase Horval before attempting service of process.

4. Ohio Secretary of State records show that Chase Horval is the Registered Agent of Hells Headbangers Records, he is listed at: 4405 Sharon-Copley Road Medina, Ohio 44256.

5. Ohio Secretary of State records for Shadow Kingdom Records show this is a Registered Trade Name that was cancelled by operation of law on 11/27/18, and it has not been renewed since; therefore, no address or Agent/Registrant was listed for this Trade Name.

6. Ohio Secretary of State records have no registration documents for Shadow Kingdom Records as an active or cancelled business within the State of Ohio; therefore, no address or Registered Agent/Registrant information was available for my review.

7. On December 17, 2025, at 3:17pm, I attempted to serve Chase Horval at the Sharon-Copley Road address; the man who answered the door stated, "He is not at this address."

8. I immediately asked the man, "Do you know where he [Chase Horval] might be?" the man responded, "That's on you to get the address man."; I left the residence at that time.

9. It is my belief that the person I spoke to at the front door that day was Eric Horval.

10. Video footage of the service attempt in this instance can be made available upon request.

FURTHER AFFIANT SAYETH NAUGHT

CALVIN E. HILDRETH

STATE OF OHIO    } ss.
Summit County

Subscribed and sworn to before me this 26th day of December , 2025

My Commission Expires 05/29/ , 2029

Notary Public



ERIN BORDEN
Notary Public, State of Ohio
My Comm. Expires 05/29/2029