UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| **Mary Moe** | Case No. 1:25-cv-06951 |
| Plaintiff, | JUDGE: RER-RML |
| Vs. | **PLAINTIFF'S REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF MOTION TO REMAND** |
| Eric M. Horval, Justin R. Horval, Chase Horval, Hells Headbangers Records, Shadow Kingdom Records, And Subsidiaries, | |
| Defendants | |

## TABLE OF CONTENTS

PRELIMINARY STATEMENT ............................................................................................... 2

ARGUMENT ............................................................................................................................. 3

    I.   Defendants' Self-Serving Declarations Do Not Defeat Contrary Evidence of New York Commercial Nexus ......................................................................................................... 3

    II.  Defendants' "DBA" Theory Regarding Shadow Kingdom Highlights Unregistered and Potentially Improper New York Operations .................................................................. 3

    III. Defendants Ignore Agency and Distributor Relationships That Establish In-State Business Activity ............................................................................................................ 4

    IV. Defendants' Concession of New York Business Relationships Undermines Their Ohio-Only Narrative ...................................................................................................... 5

    V.  Jurisdictional Discovery Is Warranted ........................................................................... 5

CONCLUSION .......................................................................................................................... 6

CERTIFICATE OF SERVICE .................................................................................................. 7

1

## TABLE OF AUTHORITIES

Arbaugh v. Y & H Corp.,
546 U.S. 500 (2006) .................................................................................................................. 5

Blockbuster, Inc. v. Galeno,
472 F.3d 53 (2d Cir. 2006) ....................................................................................................... 3

CutCo Indus., Inc. v. Naughton,
806 F.2d 361 (2d Cir. 1986) ..................................................................................................... 4

Durant, Nichols, Houston, Hodgson & Cortese-Costa, P.C. v. Dupont,
565 F.3d 56 (2d Cir. 2009) ....................................................................................................... 5

Ehrenfeld v. Bin Mahfouz,
489 F.3d 542 (2d Cir. 2007) ..................................................................................................... 6

Hertz Corp. v. Friend,
559 U.S. 77 (2010) .................................................................................................................... 5

Kreutter v. McFadden Oil Corp.,
71 N.Y.2d 460 (1988) ............................................................................................................ 3, 4

Lehigh Valley Indus., Inc. v. Birenbaum,
527 F.2d 87 (2d Cir. 1975) ....................................................................................................... 6

Lupo v. Human Affairs Int'l, Inc.,
28 F.3d 269 (2d Cir. 1994) ....................................................................................................... 3

Romano v. Kazacos,
609 F.3d 512 (2d Cir. 2010) ..................................................................................................... 3

---

## PRELIMINARY STATEMENT

Defendants' opposition rests almost entirely on self-serving declarations and formalistic corporate labels while ignoring substantial evidence of continuous unregistered commercial activity directed into and conducted within New York through unregistered and undisclosed distributors, promoters, and fulfillment relationships. Their attempt to cabin the jurisdictional inquiry to whether they maintain New York offices or employees misstates the law and obscures the operational realities of their business entities.

Removal statutes are strictly construed, and Defendants bear the burden of establishing federal jurisdiction. Where, as here, the record reflects contradictory evidence and unresolved factual disputes regarding Defendants' New York commercial footprint, remand is required or, at a minimum, limited jurisdictional discovery must be permitted. Defendants cannot defeat remand through unilateral affidavits while avoiding scrutiny of their New York distribution and agency structure.

## ARGUMENT

I. **Defendants' Self-Serving Declarations Do Not Defeat Contrary Evidence of New York Commercial Nexus**

Defendants' opposition relies almost exclusively on self-serving declarations from the Individual Defendants asserting that all business operations are centered in Ohio. These conclusory declarations are insufficient to carry Defendants' burden where Plaintiff has submitted documentary and circumstantial evidence demonstrating continuous commercial activity directed into and conducted within New York.

Removal statutes are strictly construed, and Defendants bear the burden of establishing federal jurisdiction. See <u>Blockbuster, Inc. v. Galeno, 472 F.3d 53, 58 (2d Cir. 2006)</u>. Because federal jurisdiction is strictly limited, the burden of establishing the propriety of removal rests squarely on Defendants, and any doubts as to the propriety of removal must be resolved in favor of remand. See <u>Lupo v. Human Affairs Int'l, Inc., 28 F.3d 269, 274 (2d Cir. 1994)</u>.

Where jurisdictional facts are disputed, courts may consider materials outside the pleadings and are not required to credit unilateral affidavits as dispositive. See <u>Romano v. Kazacos, 609 F.3d 512, 520 (2d Cir. 2010)</u>.

Here, Defendants' attempt to negate New York operations through declarations is directly contradicted by Plaintiff's evidence showing New York-based promotion, distribution, and commercial exploitation of Defendants' brands. At minimum, these competing showings preclude crediting Defendants' unilateral affidavits as dispositive.

II. **Defendants' "DBA" Theory Regarding Shadow Kingdom Highlights Unregistered and Potentially Improper New York Operations**

Defendants assert that Shadow Kingdom Records is merely a "doing business as" name of Hells Headbangers Records, Inc. and not a separate legal entity. Far from insulating Defendants, this admission underscores that Defendants have continued to operate, advertise, and hold themselves out publicly in New York under the Shadow Kingdom name as part of their ongoing commercial enterprise.

For purposes of personal jurisdiction, courts look beyond formal labels and assess whether in-state commercial activities are undertaken for the benefit of, and with the knowledge and consent of, the out-of-state Defendants. See <u>Kreutter v. McFadden Oil Corp</u>**.**, <u>71 N.Y.2d 460, 467–68 (1988)</u>. Personal jurisdiction is proper

3

where an in-state actor engages in purposeful activities for the benefit of and with the knowledge and consent of the out-of-state defendant.

Courts likewise recognize that a defendant may not avoid personal jurisdiction by structuring its business so that in-state promotion and distribution are carried out through trade names, informal intermediaries, or non-employee representatives rather than through formal in-state offices or employees. See *CutCo Indus., Inc. v. Naughton*, 806 F.2d 361, 366 (2d Cir. 1986). In-state representatives acting for a defendant's benefit may establish a jurisdictional nexus.

In CutCo, the Second Circuit held that multiple business interactions with a New York corporation — including agency-like relationships and joint participation in business operations — were sufficient to establish a prima facie basis for personal jurisdiction under N.Y. CPLR 302(a)(1). The Court reversed the district court's dismissal and remanded the case for further factual development, explaining that personal jurisdiction must ultimately be established by a preponderance of the evidence at an evidentiary hearing or at trial. *Id. at 365–67*.

Applying these principles, Defendants' own admissions support Plaintiff's showing that Shadow Kingdom Records has been used as a commercial vehicle to conduct business, including in New York, through William Rahmer, without active or valid New York registration or disclosure, as reflected in Plaintiff's exhibits and public business records. These New York-based promotional and distribution activities were undertaken for Defendants' benefit and as part of Defendants' commercial enterprise, thereby supporting the exercise of specific in personam jurisdiction.

### III.     Defendants Ignore Agency and Distributor Relationships That Establish In-State Business Activity

Defendants focus narrowly on whether they "employ" individuals in New York or maintain offices in New York. This framing is legally incomplete. Employment is not required to establish in-state commercial activity or agency for jurisdictional purposes.

Under controlling Second Circuit and New York law, in-state distributors, promoters, and fulfillment partners may constitute agents whose conduct is attributable to out-of-state principals for purposes of personal jurisdiction, where the in-state actor engages in purposeful activities in New York for the benefit of, and with the knowledge and consent of, the out-of-state defendant. See *Kreutter v. McFadden Oil Corp., 71 N.Y.2d 460, 467–68 (1988); CutCo Indus., Inc. v. Naughton, 806 F.2d 361, 366 (2d Cir. 1986).*

Plaintiff has presented evidence that Defendants' products and branding were promoted, distributed, and fulfilled in New York through William Rahmer and affiliated New York-based entities, including Redrum Records and El Bunker Del Diablo in Long Island, New York. Public business records and Plaintiff's exhibits reflect that these entities are currently operating in New York without active or valid New York business

4

registrations, while nevertheless serving as distribution and promotional intermediaries for Defendants' products and branding.

These facts support a reasonable inference that Rahmer and affiliated entities were acting as agents and distributors for Defendants with respect to promotion, sales, and fulfillment of Defendants' products and branding within New York. Rahmer and affiliated entities promoted Defendants' products, facilitated distribution and fulfillment, and acted as intermediaries in New York as part of Defendants' commercial enterprise. These facts support a prima facie showing of agency and attribution of Rahmer's New York activities to Defendants.

Defendants' failure to address these agency and distribution relationships — instead relying solely on the absence of New York "employees" — further demonstrates that their jurisdictional showing is incomplete and misleading.

## IV. Defendants' Concession of New York Business Relationships Undermines Their Ohio-Only Narrative

Defendants concede that Plaintiff has alleged — and they do not dispute — that Defendants do business with companies and individuals in New York. While Defendants argue that such contacts are irrelevant to diversity citizenship, this evidence is directly relevant to assessing the credibility of Defendants claimed operational footprint and to determining whether Defendants' declarations accurately reflect the reality of their commercial enterprise.

Courts routinely look beyond formal corporate statements and self-characterizations to assess where business is actually conducted and to evaluate the real-world operational facts. See *Hertz Corp. v. Friend, 559 U.S. 77, 96 (2010)*. Courts likewise caution against jurisdictional manipulation and instruct that jurisdictional determinations must be grounded in real-world operational facts rather than formalistic labels or self-serving characterizations. See *Arbaugh v. Y & H Corp., 546 U.S. 500, 514 (2006); Durant, Nichols, Houston, Hodgson & Cortese-Costa, P.C. v. Dupont, 565 F.3d 56, 62–63 (2d Cir. 2009).* Corporate presence is evaluated by practical business operations, not labels or formal characterizations.

Here, Defendants' admission of New York commercial relationships, combined with Plaintiff's evidence of New York-based promotion, distribution, and fulfillment activity through William Rahmer, creates a factual dispute regarding Defendants' true operational footprint that cannot be resolved through unilateral affidavits. As in Sections I–III, these competing showings further undermine Defendants' attempt to negate New York activity through self-serving declarations.

5

Plaintiff further submits that Rahmer's central operational role, as reflected in the record, demonstrates that he is not merely a peripheral third party, but a core participant in the alleged conduct whose absence materially distorts the factual and jurisdictional record.

### V.      Jurisdictional Discovery Is Warranted

At a minimum, the record establishes substantial factual disputes regarding Defendants' New York commercial activities, agency relationships, and distribution structure. Where such disputes exist, limited jurisdictional discovery is appropriate before a court credits a defendant's self-serving declarations or resolves personal jurisdiction based solely on affidavit submissions. See *Ehrenfeld v. Bin Mahfouz, 489 F.3d 542, 550 (2d Cir. 2007)*; *Lehigh Valley Indus., Inc. v. Birenbaum, 527 F.2d 87, 93–94 (2d Cir. 1975).*

Plaintiff respectfully requests limited jurisdictional discovery concerning:
- New York-directed shipments
- Distribution and fulfillment arrangements
- Transactions involving William Rahmer / Redrum Records and affiliated entities
- Invoices, sales records, and New York-based promotional activity

Such discovery is narrowly tailored and necessary to test Defendants' jurisdictional assertions, to develop the jurisdictional record, and to prevent jurisdictional evasion through the use of third-party intermediaries.

---

### CONCLUSION

Defendants have failed to carry their burden of establishing federal jurisdiction. Their reliance on self-serving declarations, expired or informal trade-name structures, and an artificially narrow framing of their New York operations cannot defeat Plaintiff's showing of substantial New York-directed commercial activity, agency relationships, and a jurisdictional nexus under controlling Second Circuit and New York law. Accordingly, Plaintiff respectfully requests that the Court grant Plaintiff's Motion to Remand. In the alternative, Plaintiff respectfully requests limited jurisdictional discovery prior to any ruling crediting Defendants' unilateral affidavits or resolving disputed jurisdictional facts.

Dated: **January 25, 2026**

Brooklyn, New York

                              Respectfully submitted,

                              /s/ *Mary Moe*

                              Mary Moe
                              Plaintiff, pro se
                              *Address Confidentiality*
                              Kings Family Court, NY File # 327053
                              *Pseudonym Order*
                              Kings Supreme Civil, NY Index # 520441/2025

**CERTIFICATE OF SERVICE**

I hereby certify that on **January 25, 2026**, the foregoing **Reply Memorandum of Law in Further Support of Motion to Remand**, and all exhibits thereto, were filed via this Court's electronic filing system and that copies of same were served upon all parties via the Eastern District of New York Courts Electronic Filing system.

                              /s/ *Mary Moe*

                              Mary Moe
                              Plaintiff, pro se
                              *Address Confidentiality*
                              Kings Family Court, NY File # 327053
                              *Pseudonym Order*
                              Kings Supreme Civil, NY Index # 520441/2025