**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| MARY MOE,<br><br>                        Plaintiff,<br><br>                v.<br><br>ERIC M. HORVAL, JUSTIN R. HORVAL, CHASE HORVAL, HELLS HEADBANGERS RECORDS, SHADOW KINGDOM RECORDS, AND SUBSIDIARIES,<br><br>                      Defendants. | Case No.: 1:25-cv-06951-RER-RML<br><br>**CERTIFICATE OF SERVICE** |

      I hereby certify that on this date, February 2, 2026, I caused a true and correct copy of the attached Individual Rules Judge Ramon E. Reyes to be served upon pro se Plaintiff "Mary Moe" via ECF, by email, and by U.S. mail.

Dated: February 2, 2026

                                                                           */s/ Gabriella Epley*
                                                                           Gabriella S. Epley, Esq.

**INDIVIDUAL PRACTICE RULES OF
JUDGE RAMON E. REYES, JR.**

Effective January 2, 2025

United States District Court
225 Cadman Plaza East
Brooklyn, New York 11201
Courtroom: 2E North
Chambers Phone: (718) 613-2120
Chambers Email: Reyes_Chambers@nyed.uscourts.gov
Courtroom Deputy Miriam Vertus: (718) 613-2123

**Rules at a Glance**

|  | Issue | Requirement | Rule No. | Page |
|---|---|---|---|---|
| **Court Filings** | Electronic Case Filing | Mandatory, except for *pro se* litigants. | I.A | 1 |
| | Filing Under Seal | File on ECF as sealed document. | I.B | 1 |
| | Word-Processing Files | Mandatory for proposed orders, jury instructions, and similar filings. | 1.E | 2 |
| | Text-Searchable Submissions | Mandatory for all submissions. | I.F | 2 |
| | Requests for Adjournment | Provide at least 48 hours' notice. | I.G | 2 |
| **Communications with Chambers** | Written Communications | File on ECF. | II.A | 3 |
| | Telephone Calls | For scheduling, or calendar matters, please call Miriam Vertus at (718) 613-2123. | II.B | 3 |
| | Urgent Communications | Contact chambers by telephone (718) 613-2120. | II.C | 3 |
| **Magistrate Judges** | Matters Referred Automatically | See rule for full list. | III | 4 |

i

**INDIVIDUAL PRACTICE RULES OF
JUDGE RAMON E. REYES, JR.**

| | Issue | Requirement | Indiv. Rule No. | Page |
|---|---|---|---|---|
| **Motions** | Pre-Motion Conferences | Required for motions under Fed. R. Civ. P. 12 or 56, motions to change venue, motions to stay, and motions to amend pleadings pursuant to Fed. R. Civ. P. 15 if leave of the Court is required, in all cases except bankruptcy appeals, social security appeals, habeas cases, or cases in which one or more parties are proceeding *pro se*. | IV.A | 4 |
| | Briefing Schedule | The Court will set the briefing schedule at the pre-motion conference as applicable. **Parties must follow the Court's bundling rule.** | IV.B | 5 |
| | Memoranda of Law | 8,750 words for opening and opposition briefs; 3,500 words for reply briefs. | IV.C | 7 |
| | Evidentiary Citations | Required for all submissions that cite record material. | IV.D | 7 |
| | Filings Accompanying Motions for Summary Judgment | Parties must follow the Court's formatting and filing rules for Local Rule 56.1 statements and evidentiary filings. | IV.E | 7 |
| | Oral Argument | Parties may request. Higher likelihood if arguing attorney has less than five years of experience. | IV.F | 8 |
| **Guilty Pleas** | Plea Agreement | Must be provided to the Court three (3) days before the change-of-plea hearing, along with any accompanying information. | IV.G | 8 |
| **Sentencing** | Sentencing Memoranda | Due two (2) weeks before sentencing for defendants and one week before sentencing for the government. | IV.H.1 | 9 |
| | Applications for Sentencing Adjournment | Due at least five (5) business days before the date of sentencing. | IV.H.2 | 9 |

**INDIVIDUAL PRACTICE RULES OF
JUDGE RAMON E. REYES, JR.**

| | Issue | Requirement | Indiv. Rule No. | Page |
|---|---|---|---|---|
| **Pretrial Procedures** | 60 Days Post-Discovery | File a proposed joint pretrial order. | V.A | 9 |
| | 30 Days Before Trial | File motions *in limine*. | V.B.1 | 11 |
| | Two Weeks Before Trial | File requests to charge, proposed verdict sheets, and proposed *voir dire* questions. | V.B.2 | 11 |
| | Friday Before Trial | Provide the Court with three tabbed binders containing copies of all exhibits. | V.B.3 | 11 |
| **Post-Trial Procedures** | Non-Jury Trial | File proposed findings of fact and conclusions of law ten (10) days after trial. No responses permitted. | VI | 11 |
| **Cases with *Pro Se* Litigants** | Responsibilities of *Pro Se* Litigants | Communicate with the Court in writing and ensure contact information is current. | VII.A | 12 |
| | Responsibilities of Represented Parties | Ensure adherence to and compliance with all applicable rules. | VII.B | 12 |
| | Habeas Petitions | Serve the record on the petitioner. | VII.C | 12 |

iii

**INDIVIDUAL PRACTICE RULES OF
JUDGE RAMON E. REYES, JR.**

I. **Court Filings**

   A. **Electronic Case Filing (ECF)**

      1. Pursuant to Administrative Order 2004-08, **all case documents must be filed electronically via ECF** for all civil and criminal cases other than *pro se* cases. *Pro se* parties are exempt from electronic filing. Nevertheless, a party represented by counsel in a case involving a *pro se* litigant must still file all documents electronically on ECF and must also mail a hard copy of all documents to the *pro se* litigant. *See* Rule VII (governing *pro se* litigants).

      2. The Eastern District's User Guide for electronic case filing is available at https://www.nyed.uscourts.gov/forms/all-forms/ecf_instructions. This manual also contains contact information for questions regarding ECF. Parties are advised not to contact chambers with questions regarding ECF registration, filing, or other technical issues. For ECF assistance, please call the ECF helpline at (718) 613-2285.

      3. Orders will be posted electronically and will not otherwise be mailed or provided to litigants (except in the case of *pro se* litigants not registered for electronic filing).

   B. **Filing Under Seal**

   Any party seeking to file a submission under seal shall file the proposed sealed document(s) and sealing motion on ECF in accordance with the instructions on the Eastern District's website at:

   - https://img.nyed.uscourts.gov/files/forms/EfilingSealedCV.pdf
     (civil filings)

   - https://img.nyed.uscourts.gov/files/forms/EfilingSealedCR.pdf
     (criminal filings)

   C. **Court's Review of ECF Filings**

   As a general matter, materials filed via ECF are reviewed by chambers the first business day after submission. If your submission requires immediate attention, please notify chambers by telephone after you file via ECF.

1

**INDIVIDUAL PRACTICE RULES OF**
**JUDGE RAMON E. REYES, JR.**

D. **Courtesy Copies**

Parties shall deliver to chambers one (1) courtesy hard copy of all briefed motions regardless of length (see Rule IV) and any other written submissions filed on ECF that are fifty (50) pages in length or more, including any exhibits or attachments. Parties are encouraged to use double-sided printing for their courtesy copies. The courtesy copy should be a reproduction of the document as filed on ECF, with the ECF numbering appearing at the top of the page. The emailing of such submissions in PDF to chambers or the courtroom deputy, or the provision of such submissions in electronic format, *e.g.*, on a flashdrive, does not satisfy this requirement.

E. **Word-Processing Files of Proposed Orders, Jury Instructions, and Similar Filings**

Proposed orders, jury instructions, and other writings a party requests that the Court adopt shall be filed on ECF and also provided via e-mail, in PDF and Microsoft Word format, to Reyes_Chambers@nyed.uscourts.gov. However, parties need not submit word-processing files of stipulations of dismissal, of settlement, or of motions for extensions of time unless specifically requested to do so.

F. **Text-Searchable Submissions**

All written submissions and supporting materials must be text-searchable, to the extent practicable.

G. **Requests for Adjournments or Extensions of Time**

1. All requests for adjournments or extensions of time relating to matters not referred to a Magistrate Judge (*see* Rule III) must be in writing and state: **(i)** the reason for the request; **(ii)** the original date; **(iii)** the number of previous requests for adjournments or extensions; **(iv)** whether any previous requests were granted or denied; **(v)** whether the adversary consents, and, if not, the reasons given by the adversary for refusing to consent; and **(vi)** proposed date(s) for adjournment or extension of time.

2. If the requested adjournment or extension affects any other scheduled dates, the party seeking the adjournment should propose revisions of the additional affected dates.

3. Absent an emergency, requests for adjournments of court appearances and extensions of filing deadlines shall be made at least two (2) business

2

days prior to the scheduled appearance or filing deadline.

4. Any party seeking an adjournment of a court appearance within 24 hours of the appearance shall file its adjournment request on ECF and then call chambers to advise the Court of the request.

## II. Communications with Chambers

### A. Written Communications with Chambers

All communications with chambers shall be in writing and filed on ECF, with copies simultaneously delivered to all parties who do not receive automatic notification through ECF. Copies of correspondence between counsel shall not be sent to the Court.

### B. Telephone Calls

*Ex parte* telephone calls to chambers about the substance of cases are not permitted. Telephone calls to chambers with questions about these rules are permitted, but please review this document first.

For scheduling or calendar matters please call Courtroom Deputy Miriam Vertus at (718) 613-2123. Unless it is an emergency, telephone calls to the Courtroom Deputy are only permitted between 9:00 a.m. and 3:00 p.m.

For questions regarding CM/ECF Docketing and Filings, you may call the Court's Docket Section at 718-613-2610. For technical assistance and Courtroom Technology call 718-613-2290.

For transcripts contact the Electronic Sound Recorders (ESR) at (718) 613-2590 or check the Court Reporters website: https://www.nyed.uscourts.gov/transcript-information.

### C. Urgent Communications

If a submission requires immediate attention, please notify chambers by telephone after filing on ECF.

**INDIVIDUAL PRACTICE RULES OF**
**JUDGE RAMON E. REYES, JR.**

**III.     Matters Referred to Assigned Magistrate Judges**

Unless the Court directs otherwise, the following matters are hereby referred to the assigned Magistrate Judge to hear and determine:

- **A.** General supervision of all non-dispositive pretrial civil matters;
- **B.** Motions to extend time to serve, answer or file amended pleadings;
- **C.** Motions to amend pleadings and stipulations amending pleadings;
- **D.** Motions to transfer venue, and stipulations transferring venue or remanding to state court;
- **E.** Motions for full stay of all proceedings;
- **F.** Motions to stay discovery (except that motions to stay discovery pending a motion to dismiss should be decided in consultation with the District Judge);
- **G.** *Pro hac vice* motions;
- **H.** Motions to withdraw, or be relieved or substituted as counsel; Motions to disqualify counsel;
- **I.** So ordering of subpoenas and confidentiality/protective orders;
- **J.** Discovery motions, including motions to enforce or quash subpoenas;
- **K.** Sealing and unsealing orders;
- **L.** Requests for adjournments or extensions of time in arbitration or mediation proceedings;
- **M.** Conditional certification of collective actions; and
- **N.** *In forma pauperis* requests in non-habeas cases.

All such applications shall be directed to the assigned Magistrate Judge in compliance with that Magistrate Judge's individual rules.

**IV.     Motions**

   **A.     Pre-Motion Conferences**

   1. Pre-motion conferences are not required in bankruptcy appeals, social security appeals, habeas cases, or cases in which one or more parties are proceeding *pro se*. In all other cases, a party must request a pre-motion conference before filing:

      a) Any motions pursuant to Rules 12, 19-21, 23-25, and 56 of the Federal Rules of Civil Procedure;
      b) Motions to stay;
      c) Motions to remand to state court; and
      d) Motions to compel arbitration;

   2. To request a pre-motion conference, the moving party is to file and serve

4

      a letter, not to exceed four (4) pages, setting out the bases for the anticipated motion. If the motion is for summary judgment under Rule 56, the movant's pre-motion conference letter must also include a copy of the movant's Local Rule 56.1 statement and all exhibits in support of the anticipated motion. Each assertion in the Local Rule 56.1 statement must include a citation to specific evidentiary support from the record. Service of that letter within the time requirements of Federal Rule of Civil Procedure 12 or 56 shall constitute timely service of a motion made pursuant to those provisions.

    **3.**    All parties served with the moving party's pre-motion-conference letter are required to serve and file a letter response within five (5) business days of service of the moving party's letter. The response shall not exceed three (3) pages. If the movant is seeking to file a motion for summary judgment under Rule 56, the nonmovant's response letter must include the nonmovant's Local Rule 56.1 counterstatement.

    **4.**    If a party wishing to file a motion concludes in good faith that delaying the filing of the motion in order to comply with the pre-motion conference requirements or any other aspect of these individual practices will deprive the party of a substantive right, the party may file the motion within the time required by the Federal Rules of Civil and/or Appellate Procedure, together with an explanation of the basis for the party's conclusion.

    **5.**    In appropriate cases, the Court may exercise its discretion to construe the pre-motion letter, along with counsel's arguments at the pre-motion conference, as the motion itself.

**B.**    **Briefing Schedule**

    **1.**    The Court may determine, after a pre-motion conference request is filed, that such a conference is unnecessary and may set a briefing schedule without holding a conference.

    **2.**    If the Court holds a pre-motion conference, the Court will set a briefing schedule at the conference. Parties should anticipate a briefing schedule that will require the movant to file the motion within a short time after the pre-motion conference.

    **3.**    *The Bundling Rule*

        a)    Except as otherwise set forth herein, the moving party will prepare its notice of motion, memorandum of law, and supporting

5

affidavits and exhibits in accordance with Local Civil Rules 7.1 and 11.1, and all other applicable rules of the Federal Rules of Civil Procedure and Local Civil Rules of the Eastern District of New York. The notice of motion shall not contain a return date. The moving papers shall be served on all parties **but only a copy of the movant's cover letter shall be filed via ECF, and designated as a Letter**. The filing of the cover letter within the time period prescribed by any federal statute or rule relating to the filing of motions shall constitute timely filing of the motion within the meaning of such statute or rule, and as required by Federal Rule of Civil Procedure 5(d)(1).

b) Opposition and reply papers shall be served on all parties, **but only a copy of the opponent's cover letter shall be filed via ECF. That filing shall be designated as a Letter on ECF.**

c) After the motion has been fully briefed (*i.e.*, the moving papers, opposition papers, and reply papers, if any, have been served), the moving party shall file all of the papers on ECF. Each paper shall be clearly denominated on ECF as a motion, memorandum, affidavit, etc.

d) When filing a bundled motion for summary judgment, the papers shall be filed in four docket entries. The first shall contain the Notice of Motion. The second shall contain (i) the memorandum in support, (ii) the Local Rule 56.1 statement, (iii) the declaration listing the exhibits, and (iv) the exhibits (each uploaded as a separate attachment). The third shall contain the nonmovant's filings in the same order. The fourth shall contain the reply.

e) Failure to abide by the Bundling Rule shall result in the termination of the motion without prejudice to refiling in compliance therewith.

f) The Bundling Rule does *not* apply to the following motions:

(1) Motions for default judgment pursuant to Federal Rule of Civil Procedure 55(b)(2);

(2) Post-trial and/or post-judgment motions under Rules 50(b) (for judgment as a matter of law), 52(b) (to amend or make additional findings), 59 (for a new trial) and 60 (for relief from a final judgment, order, or proceeding);

6

    (3)    Motions for attorney's fees pursuant to Rule 54(d)(2), if the motion is made before a notice of appeal has been filed and the Court has extended the time to appeal under Rule 58(e); and

    (4)    Motions filed in cases where a party is proceeding *pro se*.

**C.**    **Memoranda of Law**

**1.**    Unless prior permission has been granted, memoranda of law in support of and in opposition to motions are limited to 8,750 words, not including tables of contents, tables of authorities, exhibits, appendices, or attachments. Reply memoranda are limited to 3,500, not including tables of contents, tables of authorities, exhibits, appendices, or attachments. If the Court permits a party to submit briefs longer than these limits, each additional page must not contain more than 350 additional words.

**2.**    All memoranda of law shall be produced in 12-point font, with footnotes in 10-point font, and shall have one-inch margins on all sides. All memoranda must be filed in a text-searchable format and must have the date of service printed on the front cover. Caselaw citations shall be to official case reporters or, for decisions not available in official reporters, to the Westlaw or Lexis electronic case database.

**3.**    Notices of supplemental authority regarding decisions issued after the completion of briefing may be filed without leave of the Court.

**4.**    Sur-replies require prior authorization.

**D.**    **Evidentiary Citations**

Parties must provide evidentiary citations, including specific transcript pages, in any submission that cites record material.

**E.**    **Filings Accompanying Motions for Summary Judgment**

    **1.**    **Local Rule 56.1 Statements**

        Local Rule 56.1 statements must conform with the following requirements:

        a)    Except in *pro se* cases, the opposing party's Local Rule 56.1

statement shall quote verbatim the moving party's Local Rule 56.1 statement and respond to each allegation immediately beneath each allegation. The opposing statement may, if necessary, include a separate section of additional material facts alleged to be in dispute. In the event the opposing statement contains a separate section of additional material facts, the moving party may file a reply counterstatement responding to the added facts in the same format as set forth above. The parties may obtain from each other a word-processing version of the Rule 56.1 statement/counterstatement to facilitate compliance with this paragraph.

b) Legal arguments should be reserved for the memoranda of law.

**2. Evidentiary Filings**

a) Parties shall file only the pages of transcripts containing relevant testimony cited in the memoranda or affidavits. However, excerpts must comply with Federal Rule of Evidence 106. Parties shall include the portion of the transcript necessary for completeness. If the transcript contains a discussion of a matter, include the whole discussion.

b) Parties shall include a declaration identifying each of the exhibits and the page ranges of the exhibits within the compiled PDF.

c) The exhibits shall be designated on ECF with short titles. *E.g.*, "Ex. 1 – Doe Declaration," rather than "Ex. 1."

**F. Oral Argument on Motions**

The Court will determine whether to hear oral argument. Parties may request oral argument by noting "Oral Argument Requested" below the docket number on the moving or opposing papers. The likelihood of oral argument is increased if a party notifies the Court that the attorney who will argue the motion or opposition has less than five years of experience as a licensed attorney. A party may note that fact below its oral-argument request.

**G. Guilty Pleas**

1. The parties must provide the Court with a copy of any plea agreement and elements sheet at least three (3) business days before a change-of-plea hearing. The plea documents should be sent by email to Courtroom Deputy Miriam Vertus at the address Miriam_Vertus@nyed.uscourts.gov

**INDIVIDUAL PRACTICE RULES OF
JUDGE RAMON E. REYES, JR.**

and Reyes_Chambers@nyed.uscouts.gov

**2.** If the defendant intends to waive the indictment and plead guilty to an information at the change-of-plea hearing, a copy of the information should also be provided to the Court at least three (3) business days before the hearing. The information should be sent by email to Courtroom Deputy Miriam Vertus at the address Miriam_Vertus@nyed.uscourts.gov and Reyes_Chambers@nyed.uscouts.gov

**H.    Sentencing**

**1.** The defendant's sentencing memorandum, if any, is due two (2) weeks prior to sentencing. The government's sentencing memorandum, if any, is due one week prior to sentencing.

**2.** Applications regarding sentencing adjournments shall be made in writing at least five (5) business days prior to the date of sentencing and must state the reason for the request and whether the opposing party consents. If the opposing party does not consent, the application for adjournment must provide the reasons given by the opposing party for declining to consent.

**V.    Pretrial Procedures**

Note: The parties must print their own materials for trial. The Court will not print materials for the parties.

**A.    Joint Pretrial Orders in Civil Cases**

Unless otherwise ordered by the Court, within sixty (60) days of the completion of discovery in a civil case, the parties shall jointly submit to the Court a proposed Pretrial Order, which shall include the following:

**1.** *Caption*: The full caption of the action.

**2.** *Parties and Counsel*: The names, addresses (including firm names), and telephone numbers of trial counsel.

**3.** *Jurisdiction*: A brief statement by the plaintiff explaining the basis of subject-matter jurisdiction, and a brief statement by the defendant on the presence or absence of subject-matter jurisdiction. These statements shall include citations to all **(i)** statutes and legal doctrines relied

9

**INDIVIDUAL PRACTICE RULES OF
JUDGE RAMON E. REYES, JR.**

on, and **(ii)** relevant facts concerning citizenship and jurisdictional amount.

4. *Claims and Defenses*: A brief summary by each party of the elements of its remaining asserted claims and defenses. These summaries shall include citations to all statutes relied on but should not recite evidentiary matters.

5. *Jury or Bench Trial & Trial Length*: A statement by each party as to whether the case is to be tried with or without a jury, and the number of trial days needed.

6. *Consent to Trial by a Magistrate Judge*: A statement as to whether all parties have consented to trial of the case by a magistrate judge. The statement shall not identify which parties have or have not consented.

7. *Statement of Relief Sought*: A detailed statement of the damages and other relief sought by the plaintiff. In non-jury cases, parties should also provide a statement of the elements of each claim or defense involving such party, together with a summary of the facts relied upon to establish each element.

8. *Witnesses*: A list of fact and expert witnesses whose testimony is to be offered in each party's case in chief, along with the address of each witness and a brief narrative statement of the expected testimony of each witness. Only listed witnesses will be permitted to testify, except when prompt notice has been given and upon good cause shown.

9. *Deposition Testimony*: A designation by each party of deposition testimony to be offered in its case in chief, with any cross-designations and objections by any other party.

10. *Stipulations*: A statement of stipulated facts, if any.

11. *Exhibits*: A schedule listing exhibits to be offered into evidence and, if not admitted by stipulation, the party or parties that will be offering them. The schedule should not include exhibits that a party intends to use solely for impeachment and/or rebuttal purposes. Copies of statements proposed to be read to the jury as "learned treatises" under Federal Rule of Evidence 803(18) shall be listed as exhibits. The plaintiff's exhibits shall be identified by numbers, and the defendant's exhibits shall be identified by letters. Except for good cause shown, only exhibits listed will be received into evidence.

10

**INDIVIDUAL PRACTICE RULES OF
JUDGE RAMON E. REYES, JR.**

> The parties shall list and briefly describe the basis for any objections to the admissibility of exhibits to be offered by any other party and set out the proponent's responses to those objections. Descriptions need be no longer than several sentences, but they should include more than just a list of the rules upon which objections are based. Parties are expected to resolve before trial all issues of authenticity, chain of custody, and related matters. Meritless objections on these grounds may result in sanctions.

> **12.** *Motions in Limine*: A list of motions *in limine* each party intends to file (pursuant to the deadline set forth in Rule V.B.1 below), with a brief description of each such motion.

The parties are directed to cooperate with each other in the preparation of the Pretrial Order. The Pretrial Order will control the subsequent course of the action unless the order is modified by consent of the parties and the Court, or by order of the Court to prevent manifest injustice.

**B.  Filings Prior to Trial in Civil and Criminal Cases**

  **1.** Any motions addressing evidentiary or other issues that should be resolved *in limine* shall be filed thirty (30) days before the commencement of trial, unless otherwise ordered by the Court. Any responses are due two (2) weeks after the motions are filed.

  **2.** Requests to charge, proposed verdict sheets, and proposed *voir dire* questions in jury cases shall be filed on ECF and provided to chambers in PDF and Microsoft Word formats no later than two (2) weeks before trial, unless otherwise ordered by the Court. Requests to charge should be limited to the elements of the claims, the damages sought, and defenses. General instructions will be prepared by the Court.

  **3.** The parties shall provide the Court with three tabbed binders containing copies of all exhibits on the Friday before trial, unless otherwise ordered by the Court. All exhibits must be pre-marked for the trial and placed in binders with tabs. The plaintiff's exhibits must be pre-marked with numbers. The defendant's exhibits must be pre-marked with letters.

  Documents to be offered in evidence that contain multiple pages shall be paginated by counsel in advance of trial. When counsel anticipates that a witness will refer to documentary evidence during his or her direct testimony, counsel shall have **(i)** two copies of each document for the Court, and **(ii)** at least one copy each for the court reporter, each present opposing counsel, and each juror.

11

**INDIVIDUAL PRACTICE RULES OF
JUDGE RAMON E. REYES, JR.**

**VI.     Post-Trial Procedures**

In non-jury trials, parties shall file proposed findings of fact and conclusions of law no later than ten (10) days after the conclusion of trial. Responses to such submissions are not permitted.

**VII.    *Pro Se* Litigants**

In all cases involving one or more *pro se* litigants, the following rules shall apply:

**A.     Responsibilities of *Pro Se* Litigant** – A *pro se* litigant shall:

**1.**     Only communicate with the Court in writing.

**2.**     Ensure that contact information on file with the Court remains current. Failure to do so may result in dismissal of claims and/or entry of default judgment.

**B.     Responsibilities of Counsel in Matters Involving *Pro Se* Litigants**

In all cases involving a *pro se* litigant, counsel for represented parties shall:

**1.**     Ensure adherence to and compliance with all applicable rules, including Local Civil Rules 7.2, 12.1, 33.2, and 56.2.

**2.**     Provide *pro se* litigants with a copy of this Court's individual rules and file a certificate of service as early as practicable in the litigation.

**C.     Habeas Petitions**

In habeas cases with *pro se* petitioners, the respondent must serve the petitioner with the answer and the state or federal court record when respondent files the answer and the record on ECF. *See* Rule 5(b)-(c) of the Rules Governing Section 2254; Rule 5(b)-(c) of the Rules Governing Section 2255 Cases; Fed. R. Civ. P. 5(a), 10(c).

Moreover, when preparing the record, the respondent shall include either a table of contents or an index of the record's contents.

\* \* \*