# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF NEW YORK

———————————

№ 25-CV-06951 (RER) (RML)

———————————

MARY MOE

versus

ERIC M. HORVAL; JUSTIN R. HORVAL; CHASE HORVAL; HELLS HEADBANGERS RECORDS; AND SHADOW KINGDOM RECORDS

———————————

**MEMORANDUM & ORDER DENYING REMAND**

———————————

**RAMÓN E. REYES, JR., District Judge:**

On December 17, 2025, Defendants Eric M. Horval, Justin R. Horval, and Chase Horval (collectively, the "Individual Defendants"), and Hells Headbangers Records, Shadow Kingdom Records, and Subsidiaries (collectively, the "Corporate Defendants"), filed a Notice of Removal seeking to remove a civil action, Index No. 520441/2025, from the Supreme Court of the State of New York, Kings County. (ECF No. 1). Mary Moe ("Plaintiff" or "Moe"), *pro se*, moves to remand the action to state court. (ECF No. 5). For the reasons set forth below, Plaintiff's motion is DENIED.

## BACKGROUND

On June 20, 2025, Plaintiff filed this action against Defendants in Kings County Supreme Court. (ECF No. 5 at 2). On December 17, 2025, Defendants removed the action to this Court based on diversity of citizenship pursuant to 28 U.S.C. §§ 1332, 1441, and 1446. (ECF No. 1). Defendants stated, *inter alia*, that complete diversity exists between the parties, that the amount in controversy exceeds $75,000, and that all

Defendants joined in the removal. (*Id.* ¶¶ 5–6). Defendants stated that Plaintiff is a resident of New York; Defendant Hells Headbangers Records is a citizen of Ohio; Defendant Kingdom Records is a citizen of Ohio and Pennsylvania; and the Individual Defendants are residents of Ohio. (*Id.* ¶¶ 11–13). Defendants stated that the amount in controversy exceeds $75,000 because Plaintiff seeks $10 million in damages, citing to and attaching Plaintiff's amended state court complaint. (ECF Nos. 1 ¶¶ 17–18; 1-2 ¶ 269).

Plaintiff moves to remand the action to state court; for the Court to "[r]einstate, honor, and maintain all existing state-court orders and protections, including sealing orders, pseudonym status, confidentiality provisions, and safety-related protections previously imposed by the New York courts"; and for an award of costs and expenses as a result of improper removal pursuant to 28 U.S.C. § 1447(c). (ECF No. 5 at 1, 8). Plaintiff argues that Defendants have failed to establish federal subject matter jurisdiction; therefore, removal is improper and remand is required. (*Id.*) Defendants oppose, contending that this Court has original jurisdiction because complete diversity exists: the amount in controversy exceeds $75,000 and all Individual and Corporate Defendants are citizens of Ohio. (*See generally* ECF No. 6).

## **LEGAL STANDARD**

Title 28, United States Code, Section 1332 ("Section 1332"), in relevant part, provides that "federal district courts have original jurisdiction over all civil actions (a) between citizens of different states; and (b) where the amount in controversy exceeds $75,000." *Castillo v. BJ's Wholesale Club*, 645 F. Supp. 3d 85, 89 (E.D.N.Y. 2022). Diversity of citizenship must be complete, meaning, "all parties on one side of the action

must be citizens of a different state from each of the parties on the other side." *Id*. (citing *St. Paul Fire & Marine Ins. Co. v. Universal Builders Supply*, 409 F.3d 73, 80 (2d Cir. 2005)). The party or parties that sought removal to federal court carry the burden of establishing diversity is met. *See Mehlanbacher v. Akzo Nobel Salt, Inc.*, 216 F.3d 291, 295–96 (2d Cir. 2000).

## **DISCUSSION**

Plaintiff conflates personal jurisdiction with subject matter jurisdiction. These are two separate and independent jurisdictional concepts.[1] At this juncture, the Court need only address whether complete diversity of citizenship exists to determine whether the Court has subject matter jurisdiction over the case. Whether the court may exercise personal jurisdiction over the defendants is a separate matter.

"For purposes of diversity jurisdiction, an individual's citizenship is based on her domicile." *Wilmington Sav. Fund Soc'y, FSB as Tr. of Residential Credit Opportunities Tr. V-D v. Balash-Ioannides*, No. 22-CV-7177 (AMD) (LB), 2022 WL 17549733, at *2 (E.D.N.Y. Dec. 9, 2022). "Domicile is the place where a person has his true fixed home and principal establishment, and to which, whenever he is absent, he has the intention of

---

[1] "Whereas subject matter jurisdiction is concerned with the kinds of cases the federal district courts are empowered to decide, personal jurisdiction . . . is concerned with the relationship of a given defendant to the particular geographic area in which a case is brought." *Wilson v. Jord Inc.*, No. 20-CV-01899 (LJV) (JJM), 2021 WL 6846276, at *2 (W.D.N.Y. Aug. 11, 2021), *adopted by* 2022 WL 954421 (Mar. 30, 2022) (quoting *U.S. ex rel. Thistlethwaite v. Dowty Woodville Polymer, Ltd.*, 110 F.3d 861, 864 (2d Cir. 1997) (brackets and quotation marks omitted). "In general, a federal district court may exercise subject matter jurisdiction over an action only if there is either: (1) 'federal question' jurisdiction, applicable to 'all civil actions arising under the Constitution, laws, or treaties of the United States,' 28 U.S.C. § 1331; or (2) there exists 'diversity of citizenship,' complete diversity of citizenship between the plaintiff and all defendants and the amount in controversy exceeds 'the sum or value of $75,000, exclusive of interest and costs,' 28 U.S.C. § 1332(a)." *Windward Dev., Inc. v. Thomas*, No. 17-CV-1082 (CSH), 2018 WL 2272771, at *2 (D. Conn. May 17, 2018).

3

returning." *Id.* (quotation marks and citation omitted). "As for corporate entities, a corporation is considered a citizen of the state in which it is incorporated and the state of its principal place of business." *Limtung v. PayPal Holdings, Inc.*, No. 19-CV-4316 (RRM) (SJB), 2019 WL 6173543, at *3 (E.D.N.Y. Nov. 20, 2019).

Defendants have established that diversity jurisdiction is met because Plaintiff is a citizen of New York, and none of the Defendants are citizens of New York. The Individual Defendants submit declarations stating that they live in Ohio, where they own homes and "intend to live . . . for the foreseeable future." (ECF Nos. 6-1 ¶¶ 2, 4; 6-2 ¶¶ 2, 4; 6-3 ¶¶ 2, 4). Each Individual Defendant declares: "I have never lived in New York and I do not own any property in New York." (ECF Nos. 6-1 ¶ 3; 6-2 ¶ 3; 6-3 ¶ 3). In his declaration, Individual Defendant Eric M. Horval states that Corporate Defendant "Hells Headbangers Records, Inc. is an Ohio-registered S-corporation with its main office and warehouse operations in Valley City, Ohio." (ECF No. 6-1 ¶ 5). Further, he declares: "Shadow Kingdom Records is a 'doing business as' name of Hells Headbangers Records, Inc. and operates under the same corporate tax identification number as Hells Headbangers Records, Inc." (*Id.* ¶ 6).

"If removal of a civil action is sought on the basis of the jurisdiction conferred by section 1332(a), the sum demanded in good faith in the initial pleading shall be deemed to be the amount in controversy." 28 U.S.C. § 1446(c)(2).

Defendants have established that the amount in controversy exceeds $75,000 because Plaintiff seeks $10 million in damages. (ECF Nos. 1 ¶¶ 17–18; 1-2 ¶ 269).

Therefore, Defendants have established that this Court has subject matter jurisdiction. Accordingly, the action will proceed before this Court.

## **CONCLUSION**

Plaintiff's motion to remand is DENIED.

The Court orders that Plaintiff may continue to proceed under a pseudonym, and she need not disclose her address. The parties are cautioned against disclosing Plaintiff's identity in any future filings with the Court.

The Court directs Defendants to file copies of all state court records and proceedings within ten business days. *See* 28 U.S.C. §§ 1446(a), 1447(b). Defendants may submit them to Chambers via email at Reyes_Chambers@nyed.uscourts.gov or by mail to 225 Cadman Plaza East, Brooklyn, NY 11201.

SO ORDERED.


/s/ Ramón E. Reyes, Jr.

RAMÓN E. REYES, JR.
United States District Judge

Dated: February 17, 2026
       Brooklyn, New York

5